No. 13722

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

ROBERT GRAVELEY,

Plaintiff and Respondent,

-vs-

JOHN M. MacLEOD et al.,

Defendants and Appellants.

---

Appeal from: District Court of the First Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Kline and Niklas, Helena, Montana
David N. Niklas argued, Helena, Montana
Hughes, Bennett and Cain, Helena, Montana
Alan F. Cain argued, Helena, Montana

For Respondent:

Charles Graveley argued, Helena, Montana

---

Submitted: September 22, 1977

Decided: JAN 18 1978

Filed: JAN 18 1978

Thomas J. Kearney
——————————————— Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants John M. MacLeod and Veva A. MacLeod appeal from a judgment of the District Court, Broadwater County, ordering specific performance of an option contract for the purchase of real property in favor of plaintiff Robert Graveley.

Graveley and the MacLeods entered into a written agreement on April 2, 1973, which included provisions for the sale of the MacLeods' cattle and the lease of their pasture to Graveley and a clause giving him the option to purchase the MacLeods' real property. The real property involved consists of approximately 1,560 acres of farm and ranch land located 18 miles northeast of Townsend, Montana.

On February 11, 1976, plaintiff orally informed the MacLeods that he intended to exercise his purchase option. On February 23, 1976, the MacLeods sent plaintiff notice that he was in default of the lease agreement and gave him until April 15, 1976, to correct the alleged items of default. The MacLeods alleged in this notice that Graveley had not complied with the agreement in three respects: 1) failure to erect a new fence; 2) failure to remove rocks from the tillable property; and 3) failure to operate the leased property in a good farmerlike manner.

Plaintiff gave the MacLeods written notice of his intent to exercise his option on March 5, 1976. On April 5, 1976, he presented to them a check for $20,000, the down payment specified in the agreement. The MacLeods refused this check. On the same day plaintiff brought the present action, seeking specific performance of the purchase option or, in the alternative, damages, as well as injunctive relief restraining the MacLeods and the defendant Schendel from removing timber and restraining

- 2 -

the MacLeods
/from evicting plaintiff from the property involved.

The District Court issued an order temporarily restraining defendants from removing timber and evicting plaintiff from the property. The MacLeods then moved to dissolve the restraining orders and to dismiss plaintiff's suit for failure to state a claim. The motion to dismiss was grounded on three allegations: 1) plaintiff exercised the option prematurely, because notice of his intent to exercise was given prior to April 1, 1976, the beginning date specified in the agreement for such exercise; 2) plaintiff was in default of the lease agreement because he had not erected a fence as required by the agreement, because he had not removed rocks from tillable ground as required, and because he had not prepared the ground in a good farmerlike manner; and 3) the option was not supported by consideration.

Following a hearing on these motions, the District Court overruled the motion to dismiss, continued the restraining orders for the pendency of the suit, and ordered defendants to answer the complaint. A memo in support of the order was filed by the district judge at the same time, on July 1, 1976. In this memo the district judge stated that (1) plaintiff had exercised the purchase option within the time provided in the agreement, (2) plaintiff had substantially complied with the terms of the lease agreement, and (3) the contract as a whole, including the option clause, was supported by consideration.

On July 19, 1976, the MacLeods filed an answer and a counterclaim, including in the answer a denial that plaintiff's exercise of the option had been timely and defenses asserting lack of consideration for the option and plaintiff's default of the agreement. The district judge who had presided over the case,

Hon. Gordon Bennett, was disqualified by the MacLeods; the Hon. Nat Allen then assumed jurisdiction.

On November 4, 1976, plaintiff moved for summary judgment. Following argument of counsel and submission of briefs, the District Court granted the motion. The MacLeods then requested that the order be clarified as granting partial summary judgment on the issue of specific performance only, and the District Court issued a clarifying order to that effect.

On January 3, 1977, the District Court entered judgment on its order. This judgment ordered specific performance of the purchase option with the parties to enter into a "standard contract for deed" within 30 days of notice of entry of the judgment. It also ordered a hearing on the issue of plaintiff's damages.

The MacLeods moved for a new trial or to alter or amend the judgment. This motion was deemed denied as it was not noticed for hearing within 10 days as required by Rule 59(d), M.R.Civ.P. This appeal followed.

MacLeods raise several issues for review but only two are necessary for determination of this appeal.

1) Whether the judgment was final or interlocutory.

2) Whether plaintiff was entitled to summary judgment.

The first issue is whether the judgment is appealable at this stage of the proceedings. In the District Court's clarification of its order granting summary judgment, it stated:

"* * * that the Order in this matter dated December 23, 1976, be and is hereby clarified as granting a partial summary judgment deciding only the issue of specific performance, and therefore interlocutory in character, as contemplated by Rule 56(c) of the Montana Rules of Civil Procedure."

In relevant part, Rule 56(c), M.R.Civ.P., provides:

"* * * A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In Schultz v. Adams, (1973), 161 Mont. 463, 465, 507 P.2d 530, this Court held that an order granting partial summary judgment on the issue of liability in a personal injury action is not a final adjudication of the whole controversy and therefore is not appealable, absent a provision in Rule 1, M.R.App.Civ.P., making it so.

As clarified, the order in the instant case is by its own terms interlocutory and therefore not appealable until final judgment on the whole controversy. However, the District Court in its judgment granting specific performance went beyond merely determining the MacLeods' liability under the agreement. It also ordered:

"2. That within thirty (30) days after the notice of the entry of this decree the parties shall make and execute a standard contract for deed in conformity with the Agreement dated April 2, 1973; that upon execution of said contract by sellers (defendants), buyer (plaintiff) shall pay Twenty thousand Dollars ($20,000.00) as down payment on the property described in said contract; that no reservations other than those stated in the April 2, 1973 Agreement be written into the contract for deed except by mutual consent of the parties and that the terms of the contract for deed shall be as described in the April 2, 1973 contract.

"3. That on defendants' failure to execute the contract for deed as ordered herein, final judgment shall be entered against them, and such additional relief granted as may be necessary to execute the judgment * * *."

Defendants contend that while the grant of specific performance was interlocutory prior to entry of this judgment, thereafter it was final and appealable.

We agree that it is appealable. Rule 1, M.R.App.Civ.P., provides in part:

"A party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:

"* * *

"(b) * * * from an order directing the delivery, transfer, or surrender of property * * *."

The judgment in the instant case directed defendants to transfer the property covered by the purchase option to plaintiff by means of a contract for deed. Although denominated interlocutory, the judgment therefore was appealable. In this regard we note here that it was clear the District Court desired only to enter an interlocutory order. If his order compelling the transfer of property and its possible effect had been brought to his attention most probably the order would have been modified. Had this been done the litigation would very likely have ended at the District Court level. The failure to use available District Court procedures has resulted in a loss of valuable time and needless expense to both parties.

The second issue is whether summary judgment was properly granted. Under Rule 56(c), M.R.Civ.P., summary judgment is proper:

"* * * if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

No evidence was presented at the hearing on plaintiff's motion for summary judgment. Neither party had undertaken discovery. The only material before the District Court when it granted summary judgment was the order and memo in support thereof overruling defendants' motion to dismiss the complaint for failure to state a claim. At the hearing on the motion to dismiss testimony was given by Mrs. MacLeod, plaintiff, and two

- 6 -

neighboring farmers. A copy of the agreement, the MacLeods' letter to plaintiff informing him of his alleged default and plaintiff's letter to the MacLeods giving notice of his intention to exercise the option were also received at this hearing. It does not appear that the District Court had a transcript of the hearing on the motion to dismiss when it decided the motion for summary judgment.

Defendants contend there are genuine issues of material fact concerning, inter alia, the question of plaintiff's default of the agreement and summary judment therefore was not proper.

This Court has repeatedly held that the party moving for summary judgment has the burden of showing the absence of any factual issue. Rickard v. Paradis, (1975), 167 Mont. 450, 452, 539 P.2d 718; Harland v. Anderson, (1976), _____ Mont._____, 548 P.2d 613, 33 St.Rep. 363. Here, the record discloses plaintiff relied upon the July 1, 1976 order overruling the MacLeods' motion to dismiss to show there was no genuine issue of material fact. Plaintiff asserted this order conclusively resolved all factual issues in his favor, and the District Court was bound by it.

While there were no reasons given by the District Court for its order of December 17, 1976 granting plaintiff summary judgment, this ruling was based on its earlier order and memo in support of the order overruling the MacLeods' motion to dismiss. The MacLeods contend the District Court could not have properly determined there were no factual issues in this manner, and argue they were denied the opportunity to effectively resist the summary judgment motion.

In State ex rel. Dept. of Health & Environmental Sciences v. City of Livingston, (1976), ___Mont.___, 548 P.2d 155, 33 St.Rep. 348, 351, this Court held it was error to grant a summary judgment on a motion to dismiss when the party against whom the judgment was entered had not been given a "reasonable opportunity to present all material made pertinent to such motion by Rule 56" as required by Rule 12(b), M.R.Civ.P. Also, the motion to dismiss was treated as a motion for summary judgment when it was heard. Here, the MacLeods' motion to dismiss was not so treated at the time it was heard and ruled upon. In effect, however, the hearing on the motion to dismiss in the instant case became a summary judgment hearing. Since the MacLeods were given no notice that this hearing would determine whether there were issues of material fact, it was error for the District Court to grant summary judgment.

The judgment granting specific performance and directing the parties to enter into a contract for deed covering the property described in the April 2, 1973 agreement is vacated. The cause is remanded for further proceedings consistent with this opinion.

_Daniel J. Shea_
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 8 -