No. 14502

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

CHARLES W. HEREFORD,

Plaintiff and Appellant,

-vs-

MARGARET HEREFORD,

Defendant and Respondent.

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Tipp, Hoven and Skjelset, Missoula, Montana

For Respondent:

Lee A. Jordan, Missoula, Montana

Submitted on briefs: May 9, 1979

Decided: AUG - 9 1979

Filed: AUG - 9 1979

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff Charles W. Hereford appeals from a summary judgment entered in favor of the defendant Margaret Hereford, a nonmoving party. The summary judgment entered by the District Court, Fourth Judicial District, Ravalli County, the Honorable E. Gardner Brownlee presiding, was based on defenses not pleaded or argued.

Charles and Margaret were formerly husband and wife. They were divorced on January 3, 1972. The divorce decree ordered Charles to pay $100 per month as child support until James, the minor child of the parties, reached legal age on December 4, 1977. The total amount due for child support under the divorce decree was $7,113.33.

The divorce decree also ordered Margaret to apply for children's benefits under Charles' social security allowances. Any social security benefits she received were to be credited to Charles' support obligation reducing it by that amount per month.

Margaret applied for and received social security benefits starting in February 1972, and allegedly totaling $5,558.10. Beginning January 1, 1972, Charles made payments to the Clerk of Court in various amounts/less than $100. Charles believed such payments were the true amounts due after credit for social security benefits received by Margaret. The amounts paid by Charles allegedly totaled $4,042.88.

On July 28, 1977, Charles filed this action for an accounting and a judgment for excess child support payments totaling $2,487.65. Charles alleged he overpaid his child support obligation because he did not receive full credit for the social security payments. The complaint also requested an

-2-

accounting for certain certificates of deposit in the names of Charles and James. This accounting, however, is not in issue here.

Margaret filed her answer admitting she had received payments from both Charles and the Social Security Administration, but no amounts received by her were alleged. The answer contained no affirmative defenses under Rule 8(b), (c), Mont.R. Civ.P.

After interrogatories were filed and answered by the parties, Charles moved for summary judgment pursuant to Rule 56, Mont.R.Civ.P. Margaret resisted the motion and pointed out areas of contested fact. She did not make any counter motion or request a summary judgment on her behalf.

The District Court entered summary judgment for Margaret based on four grounds. First, Charles was guilty of laches; second, any overpayments were voluntary; third, Margaret had made personal sacrifices to assure Charles would have the full visitation rights entitled to him under the divorce decree; and fourth, both Charles and Margaret had a duty to support James, both had contributed to his support, and any and all support payments went for support of James.

A motion to amend the judgment was made by Charles but denied. From these rulings a notice of appeal was filed.

Charles raises three issues upon this appeal:

1. Did the District Court err in granting summary judgment to a nonmoving party without first giving Charles notice and an opportunity to defend against such judgment?

2. Is the summary judgment entered by the District Court in favor of Margaret supported by record?

3. Must the District Court grant Charles' motion for summary judgment?

Could the District Court grant summary judgment in favor of Margaret, a nonmoving party, without first giving Charles notice and opportunity to prove the existence of a genuine issue of material fact?

This Court has never ruled on this specific issue. We held in Graveley v. MacLeod (1978), ____ Mont. ____, 573 P.2d 1166, 35 St.Rep. 99, and State ex rel. Dept. of H. and E. S. v. City of Livingston (1976), 169 Mont. 431, 548 P.2d 155, that it was error to treat a motion to dismiss as a motion for summary judgment, in the absence of notice thereof to the complaining party and without affording that party a reasonable opportunity to oppose such motion. However, those decisions were based on the different functions of Rule 12(b), Mont.R.Civ.P. and Rule 56, Mont.R.Civ.P.

By the great weight of authority, no formal cross-motion is necessary for a court to enter summary judgment. The invocation of the power of a court to render summary judgment in favor of the moving party gives the court power to render summary judgment for his adversary provided the case warrants that result. However, the court must be very careful that the original movant had a full and fair opportunity to meet the proposition, that there is no genuine issue of material fact and the other party is entitled to judgment as a matter of law. 6 Moore's Federal Practice, ¶ 56.12, pp. 56-331 and 56-334.

The record here discloses that Charles was never given notice of either the District Court's intent to grant summary judgment in favor of Margaret, or the grounds upon which such judgment was to be based. He was not given an opportunity to present facts concerning the grounds upon which the District Court granted summary judgment. The only issue addressed by

Charles' motion for summary judgment and the subsequent hearing thereon was the claimed excess payments.

It was error for the District Court to grant summary judgment in favor of Margaret without first affording Charles' notice and a reasonable opportunity to be heard.

Is the summary judgment entered by the District Court in favor of Margaret supported by the record?

The general purpose of Rule 56, Mont.R.Civ.P., is to promptly dispose of actions which do not present genuine issues of material fact, thereby eliminating unnecessary trial, delay and expense. The purpose is not to resolve factual issues. Bonawitz v. Bourke (1977), ___Mont.___, 567 P.2d 32, 33, 34 St.Rep. 638, 640; Silloway v. Jorgenson (1965), 146 Mont. 307, 310, 406 P.2d 167, 169. Considering the facts at hand, we find genuine issues of material fact still remain unresolved. Therefore, Margaret was not entitled to summary judgment as a matter of law.

The District Court determined Charles was guilty of laches in delaying the ascertainment of the true amounts he should have paid for child support.

Laches means negligence to the assertion of a right, and exists where there has been a delay of such duration as to render enforcement of an asserted right inequitable. Mountain View Cemetery v. Granger (1978), ___Mont.___, 574 P.2d 254, 258, 35 St.Rep. 76, 81; Davis v. Steingruber (1957), 131 Mont. 468, 470, 311 P.2d 784, 785. A complainant can be charged with laches if, but only if he was either actually or presumptively aware of his rights. A complainant is presumptively aware of his rights where the circumstances of which he is cognizant are such as to put a man of ordinary prudence on inquiry. See Jeffrey v. Pioneer Placer Dredging Co. (D.Mont. 1943), 50 F.Supp.

-5-

43; and 27 Am.Jur.2d Equity §167, p. 710 and 711.

There are no facts in the record before us which would establish Charles' knowledge of his rights, either actually or presumptively. While Charles varied the amounts of his monthly payments, the record does not disclose on what basis Charles arrived at each monthly figure. Similarly, it is unclear from the record whether Charles continued to receive social security after his divorce from Margaret. The receipt of such checks might have put Charles on inquiry notice.

The District Court also deemed any overpayments by Charles voluntary. As with laches, the record must disclose either actual or presumptive knowledge of overpayment before such payments may be deemed voluntary. The needed facts for such a conclusion are absent from the record.

The third and fourth grounds for the District Court's summary judgment in favor of Margaret are not supported by the record.

The third basis was the conclusion Margaret had made certain personal sacrifices. That is, it would be inequitable to grant restitution of any overpayments to Charles since Margaret had remained in Hamilton so Charles could enjoy the visitation rights granted him by the divorce decree. Such reasoning is untenable. Pursuant to the divorce decree, Margaret had a right to move to any city or state even though Charles' visitation rights would be made more onerous, and any costs or expenses incurred in order to exercise visitation rights after such a move were to be borne solely by Charles.

The District Court also felt it inequitable to require restitution of any overpayments since both Charles and Margaret had a duty to support James, both contributed to his support, and any and all support payments were used for James' support.

-6-

Generally, there can be no restitution where it was just that the payment should have been made and where, as between the parties, it would be inequitable to require any repayment. Restatement of Restitution §61, p. 238 (1937). Here, however, Margaret has apparently received more money than the divorce decree deemed adequate to support James. The record is devoid of any allegation/the that child support amounts contained in the divorce decree were inadequate, and Margaret has apparently never made any attempt to increase the child support payments so decreed. Thus, restitution under the facts contained in the record can not be considered inequitable as between the parties.

Must the District Court grant Charles' motion for summary judgment? In effect, Charles is requesting this Court to reverse summary judgment in favor of Margaret and direct the District Court to enter one in his favor.

Clearly, this Court has the power to take such action. See Swecker v. Dorn (1979), ___Mont.___, 593 P.2d 1055, 36 St. Rep. 844 (by implication); and 6 Moore's Federal Practice, ¶ 56.12, p. 56-337. However, it does not necessarily follow that summary judgment in favor of Charles is proper because summary judgment in favor of Margaret was erroneous. Before this Court can establish that judgment in favor of Charles should be entered as a matter of law, it must be very clear that all the facts bearing on the issues are before this Court. Otherwise, we should remand for further development of the case, which may or may not include further motions for summary judgment by the parties. 6 Moore's Federal Practice, ¶ 56.12, p. 56-338.

The facts of this case are not so clear that this Court may direct the District Court to enter summary judgment in favor of Charles.

The order of the District Court granting summary judgment in favor of Margaret is reversed, and the cause is remanded for further proceedings consistent with this Opinion.

_____
                Justice

We concur:

_____
           Chief Justice

_____

_____

_____
           Justices

Mr. Justice Daniel J. Shea concurring in the foregoing
Opinion but with separate comments.

I concur with the Opinion of the majority. The decision
of the District Court was without question, erroneous. What
bothers me however, is the failure of respondent's attorney
to file a brief in this Court. This Court is, of course,
obligated to render justice to the parties in the best way that
it can. This task is made considerably more difficult when
the attorney for the prevailing party fails to file a brief in
defense of the judgment in the District Court, even though
never repudiating the benefits of that judgment by admitting
that the District Court was manifestly in error. This is not
the way the practice of law should be practiced.

_____
                Justice

-9-