No. 04-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 222

IN THE MATTER OF THE ESTATE OF
HENRY TODD MARSON,

     Deceased.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Broadwater, Cause No. DP 2001-15,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Patrick F. Hooks, Hooks Law Office, Townsend, Montana

     For Respondent:

          Dale E. Reagor, Luxan & Murfitt, PLLP, Helena, Montana

          Submitted on Briefs:  February 8, 2005

          Decided:   September 13, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     The Estate of Henry Todd Marson ("Estate") appeals from an Order entered on October 11, 2002, in the First Judicial District, Broadwater County, granting summary judgment in favor of Susan Collins ("Collins") and dismissing Plaintiff's complaint. We reverse and remand for further proceedings.

¶2     We restate the issue on appeal as follows:

¶3     Did the District Court err in granting summary judgment to Collins as a putative spouse when the Estate did not have a full and fair opportunity to address the application of the putative spouse statute, § 40-1-404, MCA?

¶4     As we remand for further proceedings it is unnecessary and pre-mature to decide whether Collins is entitled to a share of the Estate as a putative spouse under § 40-1-404, MCA.

¶5     On December 28, 1987, Henry Todd Marson ("Marson") and Susan Collins executed a handwritten declaration of common law marriage. Thereafter, in February of 1999, Collins filed a petition for dissolution of Marriage. In November of 1999, during the course of the dissolution proceeding, an affidavit signed by a woman named Linda Lundgren was filed with the court, in which Lundgren claimed she had entered into a common law marriage with Marson prior to his relationship with Collins. Lundgren further stated in such affidavit that her marriage to Marson had never been dissolved. It is undisputed that Collins had no knowledge of the alleged prior relationship before November of 1999. The dissolution proceedings were later dismissed. There has been no determination as to the validity of the alleged prior marriage between Marson and Lundgren.

2

¶6      Marson died testate on September 24, 2001, leaving nothing in his will to Collins. On February 1, 2002, Collins filed a claim against Marson's Estate, in the First Judicial District Court, in Broadwater County. Collins claimed that Marson had committed fraud in telling Collins that he was divorced from Lundgren. She stated that she relied upon this statement, to her detriment, in entering into the common law marriage agreement with Marson, and was thus entitled to all benefits implied by such agreement under Montana law, including her elective spousal share of the augmented estate, her homestead and exempt property allowances.

¶7      The Estate moved for Partial Summary Judgment on April 22, 2002, on the grounds that Collins was not a surviving spouse. On June 7, 2002, the District Court heard arguments for Partial Summary Judgment in chambers, without a court reporter. During this hearing, Collins for the first time argued that she had rights as a putative spouse under § 40-1-404, MCA. This argument had not been included in any prior briefing by the parties. Approximately four months later, on October 11, 2002, the District Court issued its Order and Opinion Granting Summary Judgment to Collins awarding her a portion of the estate as a putative spouse. The Estate appeals.

¶8      Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Our standard in reviewing a district court's summary judgment ruling is *de novo. Stanley L. and Carolyn M. Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, ¶ 16, 92 P.3d 620, ¶ 16.

¶9      Generally, no formal cross motion is necessary for a court to enter summary judgment

3

in favor of the nonmoving party. *Hereford v. Hereford* (1979), 183 Mont. 104, 107, 598 P.2d 600, 602. However, it is critical that the court ensure the original movant had "full and fair opportunity to meet the proposition, that there is no genuine issue of material fact and the [nonmoving] party is entitled to judgement as a matter of law." *Hereford*, 183 Mont. at 108, 598 P.2d at 602. The court, therefore, must afford the original movant with notice and an opportunity to be heard when it determines whether the case warrants judgment in favor of the nonmoving party. *See Hereford*, 183 Mont. at 108, 598 P.2d at 602. Further, the parties should be given an opportunity to present facts concerning the grounds upon which the district court granted summary judgment. *See Hereford*, 183 Mont. at 108, 598 P.2d at 602.

¶10 The Estate argues that it was not given a full and fair opportunity to meet Collins' argument that she was a putative spouse under § 40-1-404, MCA. The record here shows that Collins failed to raise the putative spouse issue prior to the day of summary judgment arguments. There is nothing in the record showing that the Estate had the opportunity to brief and prepare an argument on such issue. The District Court did not later provide the Estate with any opportunity to muster and possibly raise factual issues regarding Collins' claim that she was a putative spouse.

¶11 Opposing parties must be provided with an opportunity to present facts relevant to the summary judgment motion; this is implicit in Rule 56, M.R.Civ.P., because the district court must make a determination as to whether there are issues of material fact to be resolved. *See Hereford*, 183 Mont. at 107-108, 598 P.2d at 602. Here, the Estate's opportunity to be heard consisted only of an unrecorded hearing in chambers where the Estate had no prior notice

4

of the putative spouse argument, which subsequently became the reasoning used in granting summary judgment against the Estate.

¶12 It was error for the District Court to grant summary judgment in favor of Collins without first affording the Estate notice and a reasonable opportunity to be heard. Also, the Estate could wish to present issues of material fact, so as to render the putative spouse issue irrelevant and require the District Court to address alternative legal theories.

¶13 We remand to the District Court for further proceedings that provide each party a reasonable opportunity to develop facts and argument regarding all relevant issues, including those surrounding § 40-1-404, MCA.

/S/ JOHN WARNER

We Concur:

/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON

Chief Justice Karla M. Gray, dissenting.

¶14 I respectfully dissent from the Court's opinion. I would affirm the District Court's denial of the Estate's motion for partial summary judgment and grant of summary judgment to Collins.

¶15 I certainly agree with the Court's statements about our standards in reviewing a trial court's grant of summary judgment. I also agree with the Court's recognition that summary judgment may be awarded to a nonmoving party so long as no genuine issues of material fact exist and the nonmoving party is entitled to judgment as a matter of law.

¶16 Collins' claim against the Estate asserted a common law marriage to Marson and alleged entitlement to compensation from the Estate "as if she were in fact the surviving spouse of the decedent." Discovery ensued, by the end of which both parties were fully aware that another woman had asserted in 1999 that she had been the common law spouse of Marson prior to the Collins/Marson common law relationship. Largely on the basis of this latter information, the Estate moved for partial summary judgment, asserting that no genuine issue of material fact existed that the earlier common law marriage had not been dissolved and, therefore, as a matter of law, Collins was not a surviving spouse. The Estate's legal argument was that the Collins/Marson "marriage" was prohibited under § 40-1-401(1), MCA, because the earlier marriage had not been dissolved; thus, the common law marriage declaration between Collins and Marson was void as against public policy pursuant to § 40-1-401(4) MCA.

¶17 The parties apparently had unrecorded oral arguments on the Estate's motion in the

6

District Court. While it is generally unwise not to have hearings recorded, parties merely making oral arguments on summary judgment often do not have them recorded because they are not evidentiary hearings. In the circumstances of the present case, if a mistake was committed in not recording the arguments, it is ultimately the Estate's problem. This is because the appellant has the burden of providing a sufficient record for review by this Court. *See* Rule 9(a), M.R.App.P. This is part of the reason I disagree with the Court's rationale in this case, which seems to be based in part on the fact that "the record" does not show that the Estate had the opportunity to brief or argue the law with regard to putative spouses or, indeed, the opportunity to "muster" and "possibly raise" factual issues regarding Collins' putative spouse argument in opposition to the motion for partial summary judgment.

¶18     In a bigger picture sense, though, it is my view that the Court here shifts the burdens on summary judgment. Competent Montana practitioners--and certainly both parties had competent counsel in this case--know full well that the moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Here, there are no disputed issues of material fact; the Estate carried its burden on that portion of the summary judgment procedure. Nor did Collins suggest, or need to suggest, that such factual issues existed. The Estate and Collins essentially rely on the same set of facts, as briefly set forth above.

¶19     The question then is whether the Estate--or, alternatively, Collins--established entitlement to judgment as a matter of law. Again, Montana practitioners are aware that only

7

upon establishing legal entitlement to judgment can they prevail on summary judgment. Practitioners are also aware that we have affirmed a trial court's entry of summary judgment for the nonmoving party, where material facts were not disputed, and, indeed, we have occasionally reversed a grant of summary judgment to the movant and directed that judgment be entered for the nonmoving party as a matter of law. *See*, *e.g.*, *Chain v. Montana Dept. of Motor Vehicles*, 2001 MT 224, 306 Mont. 491, 36 P.3d 358 (affirming in part); *Madison County v. State*, 1998 MT 285, 291 Mont. 446, 968 P.2d 732.

¶20     The only question for the trial court was whether the Estate established its entitlement to judgment as a matter of law.  Collins opposed the motion, as near as we can tell, with the legal argument that--while her common law marriage to Marson might have been void pursuant to § 40-1-401, MCA, she was entitled to certain rights as a putative spouse pursuant to § 40-1-404, MCA.  I agree with the District Court that the legal putative spouse theory not only established that the Estate was not entitled to judgment as a matter of law, but that Collins was entitled to summary judgment in her favor on the law.

¶21     This, it appears to me, is the distinguishing factor between the present case and *Hereford*.  There, the Court determined that the appellant "was not given an opportunity to present facts concerning the grounds upon which the District Court granted summary judgment" to the other party.  *Hereford*, 183 Mont. at 108, 598 P. 2d at 602.  Here, the same facts were relied on by both the Estate and Collins with regard to the two Marson common law relationships.  The remaining issue was solely one of law which the District Court properly interpreted in Collins' favor.

¶22    I dissent from the Court's opinion.  I would affirm the District Court.


                                        /S/ KARLA M. GRAY