No. 14375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

CHRISTINE SWECKER,

Plaintiff and Appellant,

-vs-

DONALD DORN,

Defendant and Respondent.

Appeal from:   District Court of the Thirteenth Judicial
               District,
               Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Richard Ganulin, Billings, Montana

    For Respondent:

        Jerry W. Schuster, Billings, Montana

Submitted on Briefs: December 14, 1978

Decided: APR 2 5 1979

Filed: APR 2 5 1979

Thomas J. Kearney
                                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff, who claimed title to land by adverse possession, appeals from an order of the Yellowstone County District Court granting defendant's motion for summary judgment in a quiet title action.

The dispute is over the ownership of the south half of Lot 46, Block 8, State Realty Addition in Billings, Montana, originally owned by plaintiff's brother, George Martell. Plaintiff claimed ownership of the parcel by virtue of an oral gift from her brother which she alleges eventually ripened into title by adverse possession. Defendant Dorn claimed title to the parcel by virtue of a deed purchased from the personal representative of Martell's estate. The District Court gave no reasons for its grant of summary judgment, but it appears the court ruled that one who initially claimed possession of land under an oral grant, cannot thereafter establish title by adverse possession. We reverse.

George Martell originally purchased the parcel involved in 1949. He purchased Lots 44, 45 and 46 of Block 8, State Realty Addition. Later, in 1954, Swecker purchased the adjacent Lots 47 and 48. In 1967 Martell sold Lots 44 and 45 and the north half of Lot 46 to defendant Dorn. According to plaintiff Swecker, at approximately the same time these lots were sold to defendant Dorn, Martell made an oral gift of the south half of Lot 46 to her. Martell did not, however, give her a deed.

George Martell died in 1975 and two years later the personal representative of his estate conveyed the south half of Lot 46 to defendant Dorn. Plaintiff Swecker, after learning

of the deed, filed suit to quiet title in the land, claiming title by adverse possession. In affidavits filed with the District Court, both plaintiff and her son declared that her brother had given her the property in 1967 and that from 1967 until 1977; she had undisputed possession of the parcel; she had paid the property taxes on the land; and, she had stored goods in a shed on the property. The affidavits also stated from 1969 through 1977 she had enclosed the parcel with a fence, and that she had planted flowers and trees on the parcel. Defendant Dorn did not dispute these allegations by filing counteraffidavits, but rested his claim, as far as we can determine, on the contention that plaintiff's original possession cannot ripen into adverse possession. Both parties moved for summary judgment and the District Court granted summary judgment to defendant Dorn.

Plaintiff Swecker contends she is entitled to judgment as a matter of law because defendant failed in his initial burden to show that plaintiff's possession was permissive. On the other hand, defendant Dorn claims he is entitled to judgment as a matter of law because an oral grant of property cannot ripen into title by adverse possession. We determine that plaintiff is entitled to judgment as a matter of law and therefore reverse the judgment of the District Court.

We discuss first the defendant's contention that since plaintiff came into possession of the parcel under a parol grant, she enjoyed only permissive possession of the property which cannot ripen into adverse possession. Defendant relies on the statute of frauds, sections 93-1401-5 and 93-1401-7, R.C.M. 1947, now sections 70-20-101 and 28-2-903(1)(d) MCA.

We see no reason why an oral conveyance of land cannot serve as the initial foundation for a claim of title by adverse

-3-

possession. In the analogous context of prescriptive easements, we stated in McDonnell v. Huffine (1912), 44 Mont. 411, 421, 120 P. 792, 794, that "although the verbal grant was ineffectual to pass title to the easements because of the statute of frauds, it did furnish a sufficient foundation upon which to lay a claim of adverse user." See also, Ferguson v. Standley (1931), 89 Mont. 489, 501, 300 P. 245, 250 (overruled on other grounds), In Re Dolezilek's Sr. Estate v. Dolezilek (1970), 156 Mont. 224, 228, 478 P.2d 278, 280. Most states apply this rule to a claim of adverse possession. Annot. 43 A.L.R.2d 10-11; 3 Am.Jur.2d Adverse Possession, §165. A gift, after all, is a manifestation of the donor's intent to relinquish title, and a majority of jurisdictions accordingly reason that any other view would be inconsistent with the concept of a gift.

The cases that hold an oral gift of real property cannot provide a foundation for adverse possession generally turn on the wording of the particular statute involved. Thus, where the applicable statute required written evidence of the property transfer to establish "color of title", parol gifts of realty cannot ripen into title by adverse possession. See e.g. Higgerson v. Higgerson (Mo. App. 1973), 494 S.W.2d 374; In Re Schnaus Estate (1948), 31 Wash.2d 565, 198 P.2d 184. But in this State, adverse possession may be acquired either under color of title or under claim of title.

Section 93-2509, R.C.M. 1947, now section 70-19-408 MCA, deals with adverse possession acquired under "a written instrument, judgment or decree" (color of title), and section 93-2511, R.C.M. 1947, now section 70-19-410 MCA, applies to adverse possession "not founded upon a written instrument, judgment or decree" (claim of title). As this Court stated in Morrison v. Linn (1915), 50 Mont. 396, 402-403, 147 P. 166, 168: "While it is indispensible to defeat the holder of the

-4-

legal title that the disseisor [adverse claimant] shall maintain his adverse possession throughout the entire statutory period, under either color of title or claim of title, _it is not necessary that his initial entry into possession should be made under any pretense of right or title_." (Emphasis added.) We conclude that a parol grant of real property can serve as a foundation for a claim of title by adverse possession, notwithstanding the statute of frauds. The District Court's summary judgment in favor of defendant Dorn was therefore improper.

We next discuss plaintiff's contention that she is entitled to summary judgment as a matter of law. Plaintiff and her son submitted affidavits in support of her motion for summary judgment to the effect that she was given the property in 1967 and maintained undisputed possession of it until 1977. The affidavits also asserted that she had paid taxes on the land since 1967; that the land had been fenced since 1969; and that she "has planted flowers and trees" on the parcel. Defendant Dorn filed no affidavits disputing these averments.

Rule 56(e), Mont.R.Civ.P. provides in pertinent part:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. _If he does not so respond, summary judgment, if appropriate, shall be entered against him_." (Emphasis added.)

Since defendant Dorn did not contravert the plaintiff's assertions, they are taken as true. 73 Am.Jur.2d Summary Judgment, §§24, 30.

Having determined that plaintiff's possession during the statutory period was adverse or hostile to the title of the record owner (her brother), we find that the uncontested

averments of her affidavits satisfy all the requirements for title by adverse possession not founded upon a writing. Her assertion of undisputed possession from 1967-77 sufficiently establishes her continuous and exclusive dominion over the property. Her uncontroverted payment of property taxes on the parcel during the same period satisfies the requirements of section 93-2513, R.C.M. 1947, now section 70-19-411 MCA.

Section 93-2511, R.C.M. 1947, now section 70-19-410 MCA provides:

> ". . . Claim of title not founded on instrument or judgment--what considered occupation. For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only:
>
> "(1) where it has been protected by a substantial enclosure;
>
> "(2) where it has been usually cultivated or improved."

This statute was patterned after California's Code of Civil Procedure, section 325. In construing their provision, the California courts hold that the substantial enclosure and the usual cultivation or improvement requirements are in the alternative, so that adverse claimant need only prove his possession has been evidenced by a substantial enclosure and need not prove any further occupation, cultivation or use. 2 Cal.Jur.3d Adverse Possession §44 n. 61; Safwenberg v. Marquez (1975), 50 C.A.3d 301, _____, 123 Cal.Rptr. 405, 411. We believe this is a reasonable construction of section 93-2511, supra, and therefore adopt it. Any contrary implication made in Johnson v. Silver Bow County (1968), 151 Mont. 283, 286, 443 P.2d 6, 8 is hereby disapproved. Accordingly, plaintiff's undisputed statement in her affidavit that she enclosed the parcel with a fence from 1969-77 complies with the requirements of section 93-2511, supra.

The District Court order granting summary judgment to defendant Dorn is reversed, and the court is directed to enter summary judgment in favor of plaintiff Swecker.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices