No. 82-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

WESLEY CASTLES and
RUTH B. CASTLES,

Plaintiffs and Respondents,

vs.

VIOLA LAWRENCE, sometimes written
Viola R. Amundson; SHARON DONOVAN
WHEATLEY, sometimes written Sharon
Lee Donovan; VICTORIA RAE ROSBARSKY:
CLEBER ALLEN AMUNDSON, et al,

Defendants and Appellants.

---

Appeal from:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark
               Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Plaintiffs:

        Smith Law Firm, Helena, Montana

    For Defendants:

        Galt and Swanberg; Robert Swanberg, Helena, Montana

---

Submitted on briefs:   August 19, 1982

Decided:   April 14, 1983

Filed: APR 14 1983

_Ethel M. Harrison_
                                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is a quiet-title action in the District Court of Lewis and Clark County covering Tract C, a tract of approximately 5 acres in Lewis and Clark County. Plaintiffs, and the answering defendants (defendants), claimed title by deeds and also by adverse possession. The trial court, sitting without a jury, entered a decree quieting title in the plaintiffs. We affirm.

The following are the issues which we will discuss:

(1) Is there sufficient evidence to establish title by adverse possession in the plaintiffs?

(2) Are the boundaries of Tract C correctly described in the decree?

The evidence shows that after receiving a deed in 1963, the plaintiffs entered into the possession of the land. Their 1963 deed was based upon the following description contained in the chain of title:

> "Part of Placer Survey No. 99, Sec. 35, T.11N., R.2W, containing 3 acres more or less; and Part of Placer Survey No. 99, Sec. 35, T.11N, Range 2W, containing 5.25 acres more or less; said surveys . . . being in Lewis and Clark County, Montana."

Defendants contend this description is legally defective, and could not pass title to plaintiffs. We need not determine whether the description in the deed was sufficient to pass title, because we conclude that plaintiffs hold title by adverse possession. The District Court found that the plaintiffs occupied Tract C under a claim of title arising from the 1963 deed. The court also found that plaintiffs possessed the land for more than five years. The evidence supporting these findings is unrebutted. As a result, the

- 2 -

plaintiffs met the adverse possession requirements of section 70-19-407, MCA:

"70-19-407. Occupancy under claim founded on instrument or judgment -- when considered adverse. When it appears that the occupant or those under whom he claims entered into the possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument as being a conveyance of the property in question or upon the decree or judgment of a competent court and that there has been a continued occupation and possession of the property included in such instrument, decree, or judgment or of some part of the property under such claim for 5 years, the property so included is deemed to have been held adversely, except that when it consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract."

The defendants argue that the plaintiffs did not have possession of Tract C, but the evidence does not support this contention. Possession is defined in section 70-19-408, MCA, as follows:

"70-19-408. Claim founded on instrument or judgment--what considered possession and occupation. (1) For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in the following cases:

"(a) where it has been usually cultivated or improved;

"(b) where it has been protected by a substantial enclosure;. . ." (Emphasis added.)

The 1963 deed was sufficient to constitute a written instrument on which plaintiffs' claim of title was founded. The record shows that the plaintiffs completed an enclosure of Tract C in 1964. At that time, they completed a fence around all portions of the property which were not bordered by Hauser Lake. The lake boundary is the only enclosure for the balance of the property. We hold that the lake boundary constitutes a substantial enclosure as referred to in section 70-19-408. This is consistent with the holdings in other

jurisdictions.  Springer v. Durette (1959), 217 Or. 196, 342 P.2d 132; Trask v. Success Mining Co. (1916), 28 Idaho 483, 155 P. 288.  See generally, 2 C.J.S. 696 Adverse Possession, § 36.

The foregoing holding is also consistent with the holding of this Court in Swecker v. Dorn (1979), 181 Mont. 436, 593 P.2d 1055, in which this Court held that an adverse claimant need only prove his possession has been evidenced by a substantial enclosure, and need not prove any further occupation, cultivation or use.  This conclusion is strengthened by the evidence which shows the plaintiffs made a number of improvements to Tract C.  These improvements included erecting fences in relation to McGuire Creek; the exclusion of trespassers; the removal of "no trespassing" signs the defendants placed on the lands; grazing livestock; leasing the tract to others for grazing; hunting on the property; and using the tract in mining operations.

In addition, section 70-19-411, MCA, requires that a claimant pay the taxes levied during the five year period of adverse possession.  Section 70-19-411, states:

> "70-19-411.  Occupancy and payment of taxes necessary to prove adverse possession.  In no case shall adverse possession be considered established under this code unless it shall be shown that the land has been occupied and claimed for a period of 5 years continuously and the party or persons, their predecessors, and grantors have during such period paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land."

The court found that the plaintiffs paid taxes on the property for the years 1975 through 1980, based upon the county assessment.  The defendants, on the other hand, did not pay any taxes on the tract.

The conclusion of the District Court was that the plaintiffs had been in actual, exclusive, hostile and adverse possession of Tract C, continuously for more than five years prior to the filing of the complaint, claiming title as joint tenants with right of survivorship, and that the plaintiffs had paid all taxes of every kind levied and assessed during that five year period. The record contains substantial, credible evidence to support the findings of fact and conclusions of the District Court. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939.

Finally, defendants argue that the trial court erroneously awarded plaintiffs more land than they had adversely possessed. We agree with this contention. In its decree quieting title, the trial court used the following description of Tract C:

> ". . . thence North 24° 30' West, a distance of 415.0 feet to a point in the center of McGuire Creek; thence down the center of McGuire Creek to the point where it empties into Hauser Lake;. . ." (Emphasis added.)

Since the plaintiffs obtained title to Tract C by enclosing it with a fence, it is clear that they should receive title only to that portion that they actually enclosed. The evidence shows that the creek has shifted its course since 1964 when plaintiffs erected their fences and completed their enclosure of the land. Consequently, in granting plaintiffs the land to the middle of McGuire Creek, the trial court gave them land which their fences did not enclose. As plaintiffs had not enclosed that land, they cannot claim title under section 70-19-408(b), MCA.

In addition, the record shows that plaintiffs only paid taxes on those portions within their fenceline. Under section 70-19-411, MCA, they could not prove adverse

- 5 -

possession of any of the land on which they did not pay taxes. Since they did not pay taxes on any portions outside of their fenceline, they cannot claim the land between their fenceline and the middle of McGuire Creek.

We therefore return this matter to the District Court for modification of the property description in this decree to include only that property within the fenceline along McGuire Creek; and with that exception, the judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -