No. 85-52

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

CARL E. ANDERSON, MARJORIE J. ANDERSON,
CARRIE M. BURCH, CONRAD E. BROWER,
CHARLES M. ANDERSON AND BARBARA SHERN,

       Plaintiffs and Appellants,

  -vs-

RICHLAND COUNTY, a local government
in the State of Montana,

       Defendant and Respondent.

---

APPEAL FROM:  District Court of the Seventh Judicial District,
              In and for the County of Richland,
              The Honorable A. B. Martin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Olsen, Christensen, Gannett & Waller; Paul G. Olsen,
        Billings, Montana

    For Respondent:

        Victor G. Koch, argued, County Attorney, Sidney,
        Montana

    For Amicus Curiae:

        James McCann, Roosevelt County Attorney, Mont. County
        Attorney's Assoc., Wolf Point, Montana

---

              Submitted:  June 28, 1985

               Decided:  December 17, 1985

Filed: DEC 17 1985

---
                    Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiffs brought an action to quiet title to 6¼% royalty interest claimed in the production of oil and gas from a fractional section of Richland County land. Based on stipulated facts, the Richland County District Court quieted title in Richland County to the royalty interests. The plaintiffs appeal. We affirm the judgment of the District Court on a different theory than that expressed by that court.

The determinative issues are:

1. Was the tax deed void because of defects in the sale proceeding prior to issuance of the certificates of tax sale, or because of a lack of proper notice to the property owners in the course of the tax deed proceeding?

2. If the tax deed was void, was the proceeding brought by the Swigarts for a confirmation tax deed sufficient to establish title in the Swigarts?

3. Was the exchange of deeds between the plaintiffs and the successors of Swigart (the present surface owners) effective in validating the Richland County claim to the 6¼% royalty?

4. Was the claim on the part of the plaintiffs barred by laches extending over a period in excess of 40 years?

While other issues were raised by the parties, we do not find it necessary to discuss them.

This cause was presented to the District Court upon an agreed statement of facts with supporting affidavits, exhibits, and answers to interrogatories. The District Court entered findings of fact, conclusions of law and a decree. The uncontested facts are as follows:

The real estate consists of approximately 440 acres of land in Richland County, Montana. The six plaintiffs are children and grandchildren of Marius Anderson, who died in

2

1936, and are his only heirs. Marius Anderson became the owner of an undivided one-half interest in the land under a deed dated February 24, 1925, between Caskie M. Riddick and Mary J. Riddick, as grantors, and Marius Anderson, as grantee. The Riddicks who retained an undivided one-half interest in the land are not parties to this action.

Taxes assessed against the land became delinquent for the years 1931 through 1942. Richland County procured a tax deed to the land on September 24, 1943. On December 6, 1943, Richland County deeded the land to Sterling Swigart with a reservation of a 6¼% royalty interest in all oil, gas and minerals recovered and saved from the described lands. Sterling Swigart and his heirs and successors have used and occupied the land for grazing purposes since 1943.

Chapter 43, 1945 Mont. Laws contains a procedure for securing a confirmation deed of conveyance to be issued by a county treasurer for lands described in a tax deed previously issued. Pursuant to that chapter, Sterling Swigart commenced an action in 1947, and a judgment was entered in August 1947. The Richland County Treasurer executed a confirmation deed of conveyance to Sterling Swigart on August 27, 1947. The confirmation deed stated that the validity of the tax deed was doubtful; that by virtue of the judgment and decree of the District Court, the County Treasurer had been ordered and directed to issue the deed of conveyance; and that in conformity to the judgment, the County Treasurer granted and conveyed the land in question to Sterling Swigart. Neither the judgment nor the confirmation deed recites Richland County's reservation of a 6¼% royalty interest.

All taxes levied subsequent to the tax deed have been paid. No taxes are now delinquent.

Plaintiffs' complaint was filed on April 19, 1982, approximately 39 years after the tax deed was issued. Since 1930, the plaintiffs and their predecessors-in-interest have not paid or attempted to pay any taxes or assessments levied against the property. The land was used by the Swigart family for grazing. The parties who could testify to first-hand knowledge of the facts of such use are now deceased, as are the participants in the tax deed proceeding.

The royalty interest in oil, gas and minerals became extremely valuable because of the development of a producing oil well in 1977. The affidavit of the Clerk and Recorder established that Richland County had received in excess of $1 million from this royalty by 1982.

From the early 1930's until commencement of the present action, neither the plaintiffs nor their predecessors-in-interest have been in possession of the land or any part of it. One of the plaintiffs, however, did receive notice of application for tax deed on July 15, 1943. Annie E. McMahon, plaintiffs' predecessor-in-interest, received notice of application for tax deed on July 14, 1943. In 1977, the Swigarts executed an oil division order recognizing the royalty to be paid to Richland County.

In June 1983, the plaintiffs as heirs of Marius Anderson quitclaimed to the Swigarts' successors all of their interest in the land, but reserved a 6¼% royalty interest. In exchange the Swigarts' successors executed a quit claim deed purporting to convey the 6¼% royalty reserved by Richland County. The curative effect, if any, of the Swigart-plaintiffs deed is limited to their one-half interest in the property.

The District Court concluded that the failure of the court to describe the royalty reservation in the 1943

4

confirmation deed action did not negate the County's royalty reservation. The court concluded that by reason of the plaintiffs' action in confirming the Swigarts' ownership of the minerals, and by reason of the plaintiffs' delay in asserting their right of redemption until oil was found many years after the right of redemption accrued, the plaintiffs have waived their right of redemption. The District Court then concluded that Richland County is the owner of the royalty interest in question. That conclusion is founded partly upon the theory that the quit claim deeds between the plaintiffs and the Swigarts validated the Richland County royalty reservation.

We will refer to additional agreed facts in the course of the opinion. The present opinion is a companion opinion to Supreme Court cause no. 85-078, Richardson v. Richland County which was decided by this Court on December 17 , 1985. Readers are referred to Richardson for a more complete discussion of the rules of law that are controlling in the present case.

I

Was the tax deed void because of defects in the sale proceeding prior to issuance of the certificates of tax sale, or because of a lack of proper notice to the property owners in the course of the tax deed proceeding?

Plaintiffs devote extensive argument to the claimed insufficiency of the tax deed proceeding. As a result, they contend they have a right of redemption which extends up to the present time. Although we conclude there has been no attempted redemption by the plaintiffs, we will discuss the sufficiency of the tax deed proceeding.

Section 2187, R.C.M. 1921 & 1935 required that the County Treasurer file an affidavit of publication of notice

of tax sale in the office of the Clerk and Recorder preceding the actual tax sale. No such affidavits were filed with regard to the certificates of tax sale for the years 1930, 1931, 1937, 1938, 1939, 1940 and 1941. Apparently no tax sale certificates were issued for the years 1932 and 1936. Under § 2195, R.C.M. 1921 & 1935, a copy of the certificate of tax sale signed by the County Treasurer was to be filed in the office of the Clerk and Recorder.

Section 2209, R.C.M. 1921, as amended in 1929 and 1933, required that at least 60 days before application for tax deed, the purchaser of property sold for delinquent taxes must "serve upon the owner of the property purchased, if known," a written notice. The agreed facts establish that the certificates of tax sale showed that "Anderson & Riddick" was assessed with the taxes. That raises a significant question as the property owner was Marius Anderson and the County had a statutory obligation to assess the taxes in his name.

In addition, the files in the office of the Clerk and Recorder of Richland County established that a notice of application for tax deed was mailed to "Heirs of Marius Anderson, deceased, care of Mrs. Marius Anderson, Kalispell, Montana." The agreed facts also indicate that the records of the Clerk and Recorder contain a letter from Mrs. Annie E. McMahon, formerly Mrs. Marius Anderson, living at 8829 Firestone Plaza, Los Angeles, California. The letter, dated July 14, 1943, was addressed to the Clerk and Recorder and stated that she had received a notice about taxes due on some land in Richland County. She advised she had never received any notice of taxes due and asked to be informed what this was all about. The records establish that by letter, dated July 29, 1943, the Clerk and Recorder responded to Mrs. McMahon. He advised her of the chain of title to Marius Anderson and

6

pointed out that the Assessor's Office showed that the land had been assessed to Anderson & Riddick and tax notices had been sent to Anderson & Riddick. The Clerk and Recorder informed Mrs. McMahon that no taxes had been paid since 1930 and that the amount due was more than the land was worth. Notwithstanding that information, no change in procedure was made and Richland County proceeded in the ordinary manner to issue a tax deed on September 9, 1943.

Section 2209, R.C.M. 1935 required notice of application for tax deed to the owner of the property. The record establishes that the Clerk and Recorder knew of the death of Marius Anderson and had both the name and address of his widow. The Clerk and Recorder had a statutory obligation to determine who the heirs of Marius Anderson might be and to make certain that appropriate notice was given to them. He did not attempt any such inquiry. The record establishes that as of February 5, 1942, Marius Anderson had five surviving children, all of whom were living in Kalispell, Montana. Unfortunately the Clerk and Recorder did not inquire of Mrs. McMahon as to the names and addresses of the five children. In addition, neither the Clerk and Recorder nor the County Treasurer took any steps to correct the lack of proper notice of tax assessment, notice of tax sale, and notice of application for tax deed to the record owner of the property.

The record affirmatively establishes that the Clerk and Recorder failed to give notice of application for tax deed to the owners of the property. In addition, the record establishes an insufficient notice of tax sale, based upon the failure to assess the property in the name of the owner, Marius Anderson. We therefore conclude that the tax deed proceeding was void.

7

## II

Was the proceeding brought by the Swigarts for a confirmation tax deed sufficient to establish title in the Swigarts?

The proceeding requesting a confirmation deed from the Richland County Treasurer was commenced by a complaint which named Marius Anderson as a party defendant. The complaint also named all "unknown heirs and devisees of any defendant who may be deceased." In the affidavit for publication of summons, the attorney for the plaintiff, Sterling Swigart, stated that defendant Marius Anderson was deceased, that his last known address was Kalispell, Montana, and that the defendants named as unknown heirs and devisees do not reside in Montana and their whereabouts could not be ascertained. The affidavit concluded with the statement that personal service of summons could not be made upon any of the unknown heirs and devisees of any defendant. Based upon this affidavit, summons was apparently published. A decree was utlimately entered on August 23, 1947, barring the named parties defendant from exerting any claim to the property and requiring the Richland County Treasurer to issue a confirmation deed of conveyance. The confirmation deed was issued to Sterling Swigart.

This proceeding was subject to the same basic infirmity as the tax deed proceeding. The record of the tax deed proceeding in the Office of the Richland County Clerk and Recorder established the name and address of Annie E. McMahon, widow of Marius Anderson. She was neither named nor properly served. In addition, the record of the tax deed proceeding contained the letter to the Clerk and Recorder from Mrs. McMahon with her Los Angeles address. Counsel for plaintiff was obligated to make the minimum investigation to

8

determine the names and addresses of the Anderson children, who should also have been named as parties defendant and properly served. In addition, the deficiencies with regard to the assessment of taxes and notices of tax sale were not corrected.

We find that the proceeding was ineffective as a basis for issuing a confirmation deed. We conclude that the confirmation deed was void in the same manner as the original tax deed was void.

## III

Was the exchange of deeds between the plaintiffs and the successors of Swigart (the present surface owners) effective in validating the Richland County claim to the 6¼% royalty?

We refer to the Richardson case for a detailed analysis on this issue. As in Richardson, we conclude that the specific exception in the plaintiffs' deed to the Swigart successors of the 6¼% royalty is comparable to a royalty reservation in any other type of deed. We conclude that the plaintiffs did not convey or give up any claim which they had to the 6¼% royalty interest claimed by Richland County.

## IV

Was the claim on the part of the plaintiffs barred by laches extending over a period in excess of 40 years?

We refer to the Richardson case for its discussion of all of the elements of laches and related factors, and specifically adopt the same in the present case. We find the following significant factors are determinative in this case:

1. Swigart and his successors have used and occupied the land for grazing purposes since purchase from Richland County on December 6, 1943. They have paid all of the taxes assessed upon such property after that date, and no taxes are now delinquent.

9

2. Since at least 1943, the plaintiffs and their predecessors abandoned the property, have not claimed any right to physical possession of the land, and have not paid any of the taxes assessed against the land.

3. After a lapse of more than 30 years, the property interest claimed has become extremely valuable.

4. Plaintiffs first learned of their claim after the discovery of oil in 1977.

5. Prior to September 21, 1982, Richland County had received in excess of $1 million in royalty payments from the production of oil on the land.

6. Reimbursement of any royalties paid would fall upon the taxpayers of Richland County.

7. The principal parties to the tax deed proceeding, who could furnish firsthand knowledge concerning the facts, are now deceased as are all the early occupants of the land in question.

8. Plaintiffs have not shown by testimony or otherwise the reasons for the unexplained delay in exercising their asserted right between the 1943 tax deed and the filing of the complaint in 1982.

9. Prior to 1982, None of the successors-in-interest who followed Richland County, including the Swigarts, has questioned the validity of the 6¼% royalty reservation on the part of Richland County.

10. The plaintiffs have not in fact sought to redeem the property, but have based their claims upon the exchange deeds with the Swigarts' successors-in-interest.

As in Richardson, we conclude that the actions of the plaintiffs in the present case do not meet the statutory requirements for a redemption. Upon analyzing the foregoing factors and balancing the equities for all of the parties, we

10

conclude that there has been no reasonable excuse for the delay and that all of the factors considered together make it inequitable to allow the plaintiffs to assert their present claim. That conclusion is enhanced by the significant change in value of the royalty interest following the discovery of oil.

The District Court in the entry of its judgment dated November 13, 1984, based its conclusion on a different legal theory than the laches theory, which we find to be controlling. Because the decision was correct even though based upon a different legal theory, we affirm the District Court's judgment that the 6¼% royalty is vested in Richland County.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Hon. M. James Sorte, District Judge
Sitting in place of Mr. Justice
L. C. Gulbrandson