No. 85-453

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

GEORGE CLAYTON an incompetent person
by DOROTHY MURPHY, Guardian ad Litem,

       Plaintiff and Appellant,

-vs-

THE ATLANTIC RICHFIELD COMPANY; THE
BUTTE, ANACONDA AND PACIFIC RAILROAD
CO.; and DEFENDANTS A THROUGH Z,

       Defendants and Respondents.

_____

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edward Yelsa, Anaconda, Montana

    For Respondent:

        Poore, Roth & Robinson; James A. Poore, Jr., Butte,
Montana

_____

Submitted on Briefs: Feb. 7, 1986

Decided: April 22, 1986

Filed: APR 22 1986

_____
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Second Judicial District of the State of Montana, for the County of Silver Bow. The appeal is from an order for summary judgment. We affirm.

The following facts are pertinent to this case.

The respondent (railroad) bought a right-of-way across property granted in 1892 to certain parties not essential to this lawsuit, on which were unpatented mining claims. The deeds were recorded in Silver Bow County, Montana. After obtaining the grants, the railroad constructed, operated, and maintained a railroad line which has been in the same geographical location from the date of construction to the present. The right-of-way was fenced fifty feet on either side of the center line of the railroad tracks, except where the tracks cross a bridge or a road. The ground between the fences has not been used for any purpose by anyone other than the railroad. The railroad has paid the taxes levied against the right-of-way during this entire period.

On September 13, 1954, appellant (Clayton) obtained a patent from the United States Government covering land which included the railroad's right-of-way, but the patent did not refer in any way to the right-of-way. Clayton took no action with respect to the existence of, or use of, the right-of-way until shortly before filing this action in September 1983.

The tracks were used by at least one train per day and sometimes many trains per day going in each direction, not only from 1954 but prior to that time. Right-of-way employees and work crews worked freely back and forth over

all parts of the right-of-way system during this period and made necessary repairs.

Clayton admits the railway roadbed existed in its present location continuously from the time of his getting a patent to the land until the present, and that the railroad maintained the right-of-way. He admits the railroad operated openly and obviously with at least one train per day each way from sometime prior to September, 1954, up to and including the present time. Neither Clayton, his wife, his guardian ad litem, nor any other person has tried to interfere with the use of the tracks by the railroad, nor have they interfered with the employees of the company when they were working within the right-of-way. Clayton admits the railroad company has preempted all use of the area occupied by its track, roadbeds, ties, signalling equipment and fences within the right-of-way and fifty feet on either side of the centerline, and that the right-of-way land has not been used in any way by him from September, 1954, until the present.

Clayton filed an action to quiet title, and a tort claim for trespass and damages. The railroad raised the defenses of adverse possession, prescription, laches, estoppel and the applicable statute of limitations. In addition, the railroad filed a counterclaim to quiet title to its right-of-way based upon (1) adverse possession; or (2) prescription, and requested the Court to decree that it owned an easement and right-of-way for railway purposes which extended 50 feet on either side of the center line of the railroad as it presently exists across appellant's property.

Thereafter Clayton filed a reply alleging the railroad was barred by laches and the statute of limitations, for judgment on the pleadings, and for a partial summary judgment

3

reserving only the question of damages. The railroad moved for summary judgment supported by pleadings, answers to interrogatories, admissions and affidavits wherein the file showed no genuine issue of material fact.

The District Court denied Clayton's motions, granted the railroad's motion, and entered judgment for the railroad. Clayton appeals.

Three issues are presented by Clayton:

(1) Was the District Court correct in denying Clayton's motion for a judgment on the pleadings?

(2) Was the District Court correct in denying Clayton's motion for summary judgment?

(3) Was the District Court correct in granting the railroad's motion for summary judgment?

We affirm the holding of the District Court on all three issues.

A motion for judgment on the pleadings is provided for in Rule 12(c), M.R.Civ.P. The Ninth Circuit Court of Appeals recently announced the judicial standard of review applied to a Rule 12(c) motion. The movant must "clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Doleman v. Meiji Mut. Life Ins. Co. (9th Cir. 1984), 727 F.2d 1480, 1482. A Rule 12(c) motion should be denied if the defendant's answer raises a defense, which if proven, would defeat the plaintiff's claim. Austad v. U.S. (9th Cir. 1967), 386 F.2d 147, 149. The affirmative defenses raised by the railroad, if proven, would defeat Clayton's claim.

This Court has said a Rule 12(c) motion is improper if the court must look to matters beyond the pleadings. Mathews v. Glacier General Assurance Co. (1979), 184 Mont. 368, 375,

4

603 P.2d 232, 236. If matters beyond the pleadings need be considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . . " Rule 12(c) M.R.Civ.P. The District Court in this case was requested to examine matters beyond the pleadings in order to resolve the controversy. Tax records, affidavits, records of the Butte-Silver Bow County Clerk and Recorder, answers to requests for admissions, and the results of requests for production of documents were required to reach a conclusion on plaintiff's motion. Consequently, a 12(c) motion for judgment on the pleadings is procedurally incorrect and was correctly denied.

Clayton next argues the District Court should have granted his motion for summary judgment. Summary judgment is proper only when there is no genuine issue of material fact and as a matter of law the movant is entitled to prevail. Cereck v. Albertsons (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. This rule imposes a strict standard on Clayton which he is unable to meet. Both counts in his complaint are barred by laches and the applicable statutes of limitations.

Laches exists "where there has been an unexplained delay of such duration or character as to render the enforcement of an asserted right inequitable." Brabender v. Kitt Manufacturing Co. (1977), 174 Mont. 63, 67-68, 568 P.2d 547, 549. A person can be charged with laches where "he was either actually or presumptively aware of his rights." Hereford v. Hereford (1979), 183 Mont. 104, 108-09, 598 P.2d 600, 602. Here both Clayton and others were actually and presumptively aware of their rights and the alleged invasion of those rights by the railroad.

5

Clayton had actual and constructive notice of the railroad's claim to the right-of-way beginning at and prior to the time that he received his patent. The presence and continued use of the right-of-way by the railroad was more than adequate notice to cause any reasonable person to make an inquiry whether there were conflicting claims to the land in question. The mining locations and deeds were a matter of public record and were available to Clayton.

> When there appears possession of land by persons other than the record holder, which possession is inconsistent with the record title, there is a duty of inquiry imposed upon a purchaser of that land.

Rase v. Castle Mountain Ranch, Inc. (Mont. 1981), 631 P.2d 680, 685, 38 St.Rep. 992, 998. Here the appellant idly sat by for 29 years before asserting his claim of title. Such conduct is not condoned by this Court and has not been in the past.

It is now too late for Clayton to attempt to disturb the railroad title and possession. See Brabender v. Kitt Manufacturing Co. supra; Richardson v. Richland County (Mont. 1985), 711 P.2d 777, 42 St.Rep. 1834; Anderson v. Richland County (Mont. 1985), 711 P.2d 784, 42 St.Rep. 1843.

All applicable statutes of limitations commenced to run when Clayton accrued an enforceable right. Pope v. Keefer (1979), 180 Mont. 454, 464, 591 P.2d 206, 212. Accepting Clayton's position that exclusive title was bestowed upon him by the United States patent September 13, 1954, this enforceable claim accrued on that date. Section 27-2-207, MCA, requires that any action for injury to or waste or trespass "on real or personal property" must be brought within two years.

If Clayton now contends the railroad's occupation of the right-of-way caused personal injury, a cause of action for personal injury was barred in 1957 by the three-year statute of limitations provided for in § 27-2-204(1), MCA.

The quiet title action is barred by § 70-19-401, MCA, because Clayton was not "seized or possessed of the property in question within five years before the commencement of the action." It was well established that the railroad's possession of the property in question has been exclusive and continuous since 1954. Possession is self-defining, and the term "seisin" means possession. Northern Pacific R. Co. v. Cannon (1891), 46 Fed. 224, 234. "Seisin" means a claim of title accompanied with possession. Webb v. Wheeler (Neb. 1908), 114 N.W. 636.

Application of § 70-19-404, MCA, clearly destroys any presumption that the railroad's title was subordinate to Clayton's. When property is held and possessed adversely for five years to one with legal title before commencement of an action, the one holding adversely is no longer subordinate.

Clayton waited 29 years to bring this action and by virtue of his own admissions, answers to interrogatories, and pleadings in this case, his motion for a partial summary judgment was correctly denied by the District Court.

As to the railroad's motion for summary judgment, the same rule applies. The railroad must show it has title to the right-of-way by adverse possession and/or prescription.

Section 70-19-407, MCA, provides in part that where a person such as the railroad enters into possession of property (the right-of-way) and bases its right upon a written instrument, then, if the person has been in continual occupation and possession of the property described in the

7

written instrument for five years, the described property "is deemed to have been held adversely." For purposes of § 70-19-407, occupancy is deemed to be adverse, where it has been "improved," § 70-19-408(1)(a), MCA, or "where it has been protected by a substantial enclosure," § 70-19-408(1)(b), MCA. There is no dispute that the property has been enclosed by a fence and has been improved, i.e., maintained, since 1954.

When adverse possession is not based on a written instrument, the fact that the land is within a substantial enclosure is sufficient to establish adverse possession. Thibault v. Flynn (1958), 133 Mont. 461, 466, 325 P.2d 914, 917. See also, Dillon v. Antler Land Company (D. Mont. 1972), 341 F.Supp. 734, 742-743. Even if the 1892 deeds were void, the right-of-way was and is enclosed by a fence and the requirements of the statute have been satisfied. Dillon, supra, at 743. Castles v. Lawrence (Mont. 1983), 662 P.2d 589, 590, 40 St.Rep. 545, 547, and Swecker v. Dorn (1979), 181 Mont. 436, 441, 593 P.2d 1055, 1058.

Regardless of whether or not the railroad predicates its ownership of the easement upon an instrument in writing, it nevertheless has acquired a prescriptive easement. Payment of taxes is not required to establish a prescriptive easement. Mountain View Cemetery v. Granger (1978), 175 Mont. 351, 574 P.2d 254; Kostbade v. Metier (1967), 150 Mont. 139, 432 P.2d 382; Scott v. Weinheimer (1962), 140 Mont. 554, 374 P.2d 91.

Clearly, the railroad has met its burden. Once this burden is met, the party opposing summary judgment must come forward with substantial evidence raising a factual issue. Farmers Insurance Exchange v. Janzer (Mont. 1985), 697 P.2d

460, 462, 42 St.Rep. 337, 339. Clayton simply is unable to do so.

Having satisfied all statutory and common law requirements to establish its title, the railroad's motion for summary judgment was properly granted and we affirm the District Court's decision.

_____
                         Justice

We Concur:

_____
Chief Justice

_____

_____

_____
      Justices

9