FILED

12/27/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0181

DA 16-0181

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 343

OHIO FARMERS INSURANCE COMPANY,
an Ohio Corporation,

       Plaintiff and Appellee,

  v.

JEM CONTRACTING, INC., JOHN SCHWICHTENBERG
and EILEEN SCHWICHTENBERG,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone, Cause No. DV 14-0336
                  Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

           Ryan K. Jackson, Jackson Law, P.C., Bozeman, Montana

       For Appellee:

           Harlan B. Krogh, Eric Edward Nord, Crist, Krogh & Nord, PLLC,
           Billings, Montana

                      Submitted on Briefs:  November 2, 2016

                               Decided:   December 27, 2016

Filed:

                                                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 JEM Contracting, Inc. and John and Eileen Schwichtenberg (collectively, "JEM") appeal an order of the Thirteenth Judicial District Court, Yellowstone County, granting Ohio Farmers Insurance Company's (OFIC) motion for partial summary judgment on the pleadings. We address the following issue:

*Whether the District Court erred in granting partial summary judgment on the pleadings to OFIC.*

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 JEM is a general contractor specializing in construction. OFIC is an insurance company that issues surety bonds. In 2008 and 2009, OFIC and JEM executed two indemnity agreements so that JEM could obtain bonding from OFIC for construction projects. The indemnity agreements both included the following language:

The Indemnitors [JEM] shall exonerate, indemnify, and keep indemnified the Surety [OFIC] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

¶4 On May 6, 2010, JEM contracted with Gallatin and Madison counties on a construction project on Ousel Falls Road and South Fork Road in Big Sky, Montana. On behalf of JEM, OFIC executed and delivered a $2,113,797.25 bond for this contract. On July 1, 2010, JEM contracted with the State of Montana on a sanding project in Bozeman,

2

Montana.  On behalf of JEM, OFIC executed and delivered a $752,212.00 bond for this contract.  JEM hired a subcontractor, Hollow Contracting, Inc. (Hollow), to furnish labor, materials, and equipment for both projects.  After a dispute arose between JEM and Hollow regarding payment for work Hollow performed, Hollow filed a complaint against JEM and OFIC in the Eighteenth Judicial District Court, Gallatin County (Hollow Litigation).  Hollow alleged that OFIC was obligated to pay Hollow for labor, materials, and equipment Hollow furnished for the projects because JEM failed to make the payment.  This lawsuit was resolved, and on October 16, 2013, the Gallatin County District Court issued an order dismissing the Hollow Litigation.

¶5     On February 28, 2014, OFIC filed a complaint in the Yellowstone County District Court in the action that is the basis for this appeal.  OFIC sought indemnification from JEM for attorney fees and costs OFIC incurred in the Hollow Litigation.  In its answer to OFIC's complaint, JEM alleged that the fees and costs OFIC incurred were wholly related to OFIC defending itself from its own negligence and, therefore, not covered under the indemnity agreements.  OFIC moved for partial summary judgment on the pleadings, requesting a judgment requiring JEM to indemnify OFIC.  On July 2, 2015, the District Court issued an order granting OFIC's motion and holding that, pursuant to express language in the indemnity agreements, JEM was required to indemnify OFIC for "appropriate expenses."  JEM appeals that order.

## STANDARDS OF REVIEW

¶6     A district court's decision on a motion for judgment on the pleadings is a question of law, which we review for correctness.  *Firelight Meadows, LLC v. 3 Rivers Tel. Coop.,*

3

*Inc.*, 2008 MT 202, ¶ 12, 344 Mont. 117, 186 P.3d 869. Likewise, a district court's construction and interpretation of a contract is a question of law that we review for correctness. *Johnston v. Centennial Log Homes & Furnishings, Inc.*, 2013 MT 179, ¶ 25, 370 Mont. 529, 305 P.3d 781.

## DISCUSSION

¶7 *Whether the District Court erred in granting partial summary judgment on the pleadings to OFIC.*

¶8 Pursuant to M. R. Civ. P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial." In order to succeed, "[t]he movant must clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Firelight Meadows, LLC*, ¶ 9 (quoting *Clayton v. Atl. Richfield Co.*, 221 Mont. 166, 169-70, 717 P.2d 558, 560 (1986)) (internal quotation marks and citations omitted). Additionally, "when considering a Rule 12(c) motion, the court must assume that all of the well-pleaded factual allegations in the nonmovant's pleadings are true and that all contravening assertions in the movant's pleadings are false." *Firelight Meadows, LLC*, ¶ 11 (citations omitted). The court must deny the motion if the nonmovant's answer raises a defense that, if proven, would defeat the movant's claim. *Clayton*, 221 Mont. at 170, 717 P.2d at 560.

¶9 In interpreting an indemnity agreement, as with any other contract, a court's job "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-4-101, MCA. Additionally, contracts "must receive such an interpretation as will make [them]

4

lawful, operative, definite, reasonable, and capable of being carried into effect if it can be done without violating the intention of the parties." Section 28-3-201, MCA. The District Court specifically limited its decision on partial summary judgment to the issue of whether the indemnity agreements allow OFIC to seek indemnity for "appropriate expenses," stating: "The issue of damages and the amount of damages is not before this Court. That will be left to the trier of fact." Regarding "the specific issue of liability for express indemnity," the District Court concluded: "[T]he plain language of the indemnity documents establishes liability." JEM contends this conclusion was incorrect.

¶10 JEM first contends that the indemnity agreements violate §§ 28-2-701 and -702, MCA, because they mandate indemnity for OFIC's own fraud, willful injury to another, or violation of the law. Pursuant to § 28-2-701, MCA, a contract provision is unlawful if it is: "(1) contrary to an express provision of law; (2) contrary to the policy of express law, though not expressly prohibited; or (3) otherwise contrary to good morals." Section 28-2-702, MCA, provides, in pertinent part: "[A]ll contracts that have for their object, directly or indirectly, to exempt anyone from responsibility for the person's own fraud, for willful injury to the person or property of another, or for violation of law, whether willful or negligent, are against the policy of the law." The indemnity agreements at issue do not provide OFIC with carte blanche indemnification. They require JEM to indemnify OFIC from liability for losses or expenses incurred by OFIC in three specifically enumerated categories: "(1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of

5

the covenants and conditions of this Agreement." OFIC's alleged fraudulent acts, willful injury to another, or violation of the law do not fall within any of these categories. Thus, JEM is not required to indemnify OFIC for any illegal actions, and the District Court correctly found that the indemnity agreements do not violate §§ 28-2-701 or -702, MCA.

¶11 JEM next contends that the indemnity agreements are ambiguous regarding indemnification for negligence, and thus OFIC cannot be indemnified for its own negligent actions. However, the District Court did not address whether OFIC may be indemnified for its own negligence. Therefore, this issue is not before us. *See Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 45, 380 Mont. 495, 358 P.3d 131 (declining to address issues not yet decided by the district court); *Saucier v. McDonald's Rests. of Mont., Inc.*, 2008 MT 63, ¶ 60, 342 Mont. 29, 179 P.3d 481 (declining to address an issue "because the District Court has not yet reached th[e] issue and therefore has not taken any action which this Court could affirm or reverse"). Likewise, the District Court was not, as JEM alleges, "required to accept that OFIC was seeking indemnification for its own negligence" based on JEM's affirmative defenses and counterclaim. The District Court specifically did not decide the amount of damages to be awarded to OFIC. Rather, it limited its holding to whether the indemnity agreements provide for indemnification to OFIC, leaving the issue of damages to the trier of fact. For the same reason, we will not fault the District Court for not deciding whether the attorney fees and costs OFIC incurred were related to defending itself from its own fraud, willful injury to another, or violation of the law. The trier of fact will be in a position to assess which, if any, of OFIC's actions fell into categories that are indemnifiable under its contract with JEM.

6

¶12    Finally, JEM alleges that the District Court erred in holding that the indemnity agreements allow OFIC to seek indemnity for "appropriate expenses" because that term does not exist in the agreements. The District Court's conclusion that OFIC may seek indemnity for "appropriate expenses" merely is a declaration that OFIC may seek indemnity for those expenses that are covered by the categories for which the contract allows OFIC to seek indemnification from JEM. JEM has not raised a defense that, if proven, would defeat OFIC's claim that it may seek indemnification under the indemnity agreements for lawful and recoverable expenses. *See Clayton*, 221 Mont. at 170, 717 P.2d at 560. Therefore, the District Court correctly granted partial summary judgment on the pleadings to OFIC on the limited issue of whether OFIC may seek indemnification from JEM pursuant to the indemnification agreements.

## CONCLUSION

¶13    We affirm the District Court's decision and order granting partial summary judgment on the pleadings to OFIC.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON

7