
DA 07-0263

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 202

FIRELIGHT MEADOWS, LLC,
a Montana Limited Liability Company,

      Plaintiff and Appellant,

  v.

3 RIVERS TELEPHONE COOPERATIVE, INC.,
a Montana Corporation,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-2004-731
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ward E. Taleff, Taleff Law Office, P.C., Great Falls, Montana

      For Appellee:

          Michael J. Rieley, Michael J. Rieley, P.C., Helena, Montana

Submitted on Briefs:  January 8, 2008

Decided:  June 10, 2008

Filed:

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Firelight Meadows, LLC (Firelight), appeals an order of the District Court for the Eighteenth Judicial District, Gallatin County, finding in favor of 3 Rivers Telephone Cooperative, Inc. (3 Rivers) on 3 Rivers' Motion for Judgment on the Pleadings. We affirm.

¶2     We address the following issue on appeal: Whether the District Court erred in granting 3 Rivers' Motion for Judgment on the Pleadings.

### Factual and Procedural Background

¶3     3 Rivers, a cooperative nonprofit membership corporation, is authorized by the Federal Communications Commission to install, operate, and maintain telephone services within certain areas of Montana. On May 7, 2001, 3 Rivers entered into an "Aid to Construction Agreement" (the Agreement) with Firelight, a limited liability company, whereby Firelight agreed to pay 3 Rivers $85,497.88 to aid 3 Rivers in the costs it would incur in installing, operating and maintaining telephone facilities for services to Firelight's subdivision in Big Sky, Montana. The Agreement required 3 Rivers to refund to Firelight all or part of the monies in accordance with the following terms:

    a. If the actual cost is less than the estimated cost, the excess will be refunded when construction is complete.
    b. A cost per lot, housing unit or condo (units) will be determined by dividing number of units (216) into the total cost.
    c. The developer will receive one-fifth of the cost per unit back each year provided that the unit takes continuous service for five consecutive years. The five-year clock starts January 1, 2003.

¶4     Pursuant to the Agreement, Firelight paid 3 Rivers $42,748.94 on July 9, 2001, and an additional $37,801.54 on February 6, 2002, for a total of $80,550.48. On July 7,

2

2004, Firelight demanded that 3 Rivers pay interest on the monies Firelight had paid to 3 Rivers in the amount of 10% per annum. When 3 Rivers rejected Firelight's demand for payment of interest, Firelight brought this action asking the District Court to declare that the Agreement constituted a loan and that 3 Rivers must pay interest on all money advanced to 3 Rivers under the Agreement.

¶5 Firelight filed its Complaint in this matter on December 30, 2004. Attached to Firelight's Complaint and referenced within the Complaint as Exhibit 1, was a copy of the May 7, 2001 Agreement between the parties. Firelight subsequently amended its complaint seeking recovery of the principal amount paid as well as interest on that amount. Firelight filed this First Amended Complaint on January 5, 2005. While this First Amended Complaint contained a reference to the Agreement as Exhibit 1, Firelight did not attach a copy of the Agreement.

¶6 On July 15, 2005, 3 Rivers filed its Answer to First Amended Complaint arguing that it had paid Firelight "monetary amounts in full satisfaction and discharge of" Firelight's claim. In addition, 3 Rivers disputed and denied liability to Firelight with respect to the amount Firelight claimed it was due. Thereafter, 3 Rivers filed its Motion for Judgment on the Pleadings pursuant to M. R. Civ. P. 12(c) arguing that the Agreement was not a loan because repayment of the monies advanced to 3 Rivers by Firelight was conditional, not absolute.

¶7 In its June 1, 2006 order granting 3 Rivers' Motion for Judgment on the Pleadings, the District Court pointed out that there was no dispute about what the Agreement said, whether both parties willingly signed it, or any other factual issue. Thus, the court

3

determined that the only disputed issue—whether the Agreement constituted a loan under Montana law—was a question of law. In deciding that question, the court concluded that the Agreement did not constitute a loan, consequently Firelight was not entitled to interest on the money it paid to 3 Rivers.

¶8    Firelight now appeals the District Court's order.

**Standard of Review**

¶9    M. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In *Clayton by Murphy v. Atlantic Richfield Co.*, 221 Mont. 166, 717 P.2d 558 (1986), this Court adopted the articulation in *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480 (9th Cir. 1984), of the showing a movant must make under Fed. R. Civ. P. 12(c). Specifically, "[t]he movant must 'clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.' " *Clayton*, 221 Mont. at 169-70, 717 P.2d at 560 (quoting *Doleman*, 727 F.2d at 1482, in turn quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1368 at 690 (1st ed., West 1969)). This articulation, however, does not embrace all of the relevant considerations for evaluating a Rule 12(c) motion.

¶10    A motion for judgment on the pleadings

>   is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice.

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* vol. 5C, § 1367 at 206-07 (3d ed., Thomson-West 2004) (footnote omitted). The motion "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court"—e.g., where the sole question is the interpretation of a statutory provision. *Federal Practice and Procedure*, § 1367 at 207-10. If all material issues cannot be resolved on the pleadings, then a summary judgment motion or a full trial is necessary. *Federal Practice and Procedure* § 1368 at 248-51.

¶11 Therefore, when considering a Rule 12(c) motion, the court must assume that all of the well-pleaded factual allegations in the nonmovant's pleadings are true and that all contravening assertions in the movant's pleadings are false. *Federal Practice and Procedure*, § 1368 at 230; *accord Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d 569, ¶ 17 ("The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true." (citing *Hedges v. Woodhouse*, 2000 MT 220, ¶ 8, 301 Mont. 180, ¶ 8, 8 P.3d 109, ¶ 8)). The motion is properly granted when, taking all of the well-pleaded factual allegations in the nonmovant's pleadings as true, the material facts are not in dispute and the moving party is entitled to judgment as a matter of law. *See Paulson*, ¶ 17; *Bosch v. Town Pump, Inc.*, 2004 MT 330, ¶ 4, 324 Mont. 138, ¶ 4, 102 P.3d 32, ¶ 4; *Neil Consultants, Inc. v. Lindeman*, 2006 MT 80, ¶ 5, 331 Mont. 514, ¶ 5, 134 P.3d 43, ¶ 5; *Lohmeier v. Gallatin County*, 2006 MT 88, ¶ 8, 332 Mont. 39, ¶ 8, 135 P.3d 775, ¶ 8.

¶12 A district court's decision on a motion for judgment on the pleadings is a conclusion of law, which this Court reviews de novo to determine if the court's decision was correct. *Brown v. State*, 2002 MT 58, ¶ 18, 309 Mont. 106, ¶ 18, 46 P.3d 42, ¶ 18 (citing *Hedges*, ¶ 8); *see also Sikorski v. Johnson*, 2006 MT 228, ¶ 9, 333 Mont. 434, ¶ 9, 143 P.3d 161, ¶ 9. Likewise, "[w]e review questions of statutory interpretation and application for correctness." *State ex rel. Montana DOT v. Asbeck*, 2003 MT 337, ¶ 10, 318 Mont. 431, ¶ 10, 80 P.3d 1272, ¶ 10.

**Discussion**

¶13 *Whether the District Court erred in granting 3 Rivers' Motion for Judgment on the Pleadings.*

¶14 Firelight contends that in granting 3 Rivers' Motion for Judgment on the Pleadings, the District erred in several respects. First, Firelight contends that the District Court erred in failing to notify Firelight that the court would consider matters outside of the pleadings and thereby convert 3 Rivers' Motion for Judgment on the Pleadings into a Motion for Summary Judgment. Firelight maintains that it should have been provided with notice and an opportunity to present facts outside the pleadings in response to the motion.

¶15 Rule 12(c) does expressly allow the conversion of a motion for judgment on the pleadings to one for summary judgment:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

6

However, contrary to Firelight's contentions, the District Court did not consider matters outside of the pleadings in this case, nor did it convert 3 Rivers' Motion for Judgment on the Pleadings into a Motion for Summary Judgment. All exhibits and materials referred to in a pleading are incorporated into the pleading.

> **Adoption by reference – exhibits.** Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. *A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.*

M. R. Civ. P. 10(c) (emphasis added). Consequently, any such exhibits may be considered by a court for purposes of deciding a Rule 12(c) motion. In this case, the Agreement appended to and referenced in Firelight's Complaint constituted part of the pleadings and the District Court did not go beyond the pleadings when granting 3 Rivers' motion.

¶16 Firelight also contends that the court should not have taken any regard of 3 Rivers' Answer when determining whether or not to grant 3 Rivers' Motion for Judgment on the Pleadings. However, the Answer is a pleading pursuant to M. R. Civ. P. 7(a), therefore, it is part of what a court may consider under a Rule 12(c) motion for judgment on the pleadings. Thus, in making its determination, the District Court properly reviewed the following documents on file in this matter: the Complaint; the First Amended Complaint; the Answer; and the Agreement appended to Firelight's Complaint.

¶17 Next, Firelight contends that the District Court erred in disregarding the well accepted and longstanding legal principle that a court is required to accept the allegations of a complaint as true for purposes of deciding a motion for judgment on the pleadings.

Here, Firelight contends that because it alleged in its Complaint that the Agreement was a loan, the District Court had to accept that allegation as true for purposes of deciding 3 Rivers' Motion for Judgment on the Pleadings.

¶18 Contrary to Firelight's contentions, the legal principle that a court is required to accept the allegations of a complaint as true for purposes of deciding a motion for judgment on the pleadings is confined to "well-pleaded *factual* allegations." *Federal Practice and Procedure*, § 1368 at 230 (emphasis added). In this case, Firelight attempts to convert a matter of law into one of fact. However, Firelight's contention that the Agreement is a loan is not a factual allegation; it is a question of law—a legal determination for a court to decide based upon well-established legal precedent.

¶19 Although Firelight attempts to argue to the contrary, Firelight recognizes in its brief on appeal "that in analyzing a Rule 12(c) motion, a court is not required to defer to a party's legal conclusions, including those which advocate or claim interpretations of a contract provision which the contract itself does not support."

¶20 Finally, Firelight contends that the District Court erred in granting 3 Rivers' Motion for Judgment on the Pleadings because 3 Rivers failed in its burden to establish the lack of any material facts in dispute. To that end, Firelight argues that the material facts still in dispute include the Agreement's silence as to the issue of interest on repayment. Firelight also contends that because the Agreement is silent on the issue of interest, the Agreement is ambiguous and must be construed against the drafter, 3 Rivers.

¶21 Firelight has raised nothing in its pleadings alleging that the language of the Agreement is unclear or not explicit. Contrary to Firelight's assertions, the fact that the

Agreement does not mention interest militates in favor of the Agreement not being a loan. Moreover, Firelight's simple assertion that the Agreement constitutes a loan does not establish, nor create, either the existence of a fact or a material fact.

¶22 Section 31-1-101, MCA, provides:

> **Loan of money – what constitutes.** A loan of money is a contract by which one delivers a sum of money to another and the latter agrees to return at a future time *a sum equivalent to* that which he borrowed. A loan for mere use is governed by the law on loan for use. [Emphasis added.]

In construing this statute, this Court has held that "[i]f the obligation to return is based on a contingency or on a certain condition which may or may not happen or occur, the transaction is not a loan." *Rae v. Cameron*, 112 Mont. 159, 167, 114 P.2d 1060, 1064 (1941). In *Rae*, a party to a contract sought repayment of an alleged "loan" from the other contracting party. We held in *Rae* that for an agreement to be a loan, there must be a temporary letting of money for temporary use. *Rae*, 112 Mont. at 166, 114 P.2d at 1063. Furthermore, the "essential and characteristic feature" of a loan is that the money must be absolutely returnable. *Rae*, 112 Mont. at 166, 114 P.2d at 1063. We revisited our decision in *Rae* in *Nyquist v. Nyquist*, 255 Mont. 149, 153, 841 P.2d 515, 518 (1992), where we affirmed the District Court's conclusion that the parties' agreement in *Nyquist* "was not a loan agreement because it did not contain an unconditional obligation to repay."

¶23 Pursuant to the Agreement in this case, if a unit does not take continuous service for five consecutive years, Firelight is not entitled to be paid the cost for that unit. Thus, there is a condition precedent to 3 Rivers' obligation to refund any portion of the per unit

9

cost to Firelight. The words of the Agreement clearly indicate that any refunding obligation is purely conditional and not absolute, i.e., a conditional refund and not an absolute repayment of principal.

¶24 Moreover, the Agreement refers to Firelight's obligation to "pay" a sum of money to 3 Rivers as an aid to construction, not "lend" a sum of money. Under the plain words of the Agreement, there is no loan, only potential "refunds," but only upon the occurrence of certain conditions. The only unconditional payment obligation in the Agreement is in paragraph II.1. referring to Firelight's obligation to pay 3 Rivers.

> II. The Developer [Firelight] agrees:
> 1. To *pay* the Cooperative [3 Rivers] the sum of $85,497.88, as AID TO CONSTRUCTION for construction of above mentioned lines and facilities. *Payment* shall be made by company check. [Emphasis added.]

¶25 The hallmark of a "loan" is an "absolute" right to repayment of funds advanced. *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1277 (8th Cir. 1988). "The word 'loan' implies an advance of money with an absolute promise to repay." *Bankers Mortgage Co. v. Commissioner of Int. Rev.*, 142 F.2d 130, 131 (5th Cir. 1944). Consequently, while the Agreement at issue here may be an investment, a purchase of services by Firelight, or a joint venture, it is by no means a loan.

¶26 Based on the foregoing, we hold that the District Court did not err in granting 3 Rivers' Rule 12(c) Motion for Judgment on the Pleadings.

¶27 Affirmed.

/S/ JAMES C. NELSON

10

We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE