DA 07-0584

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 309N

MERLE J. FARRIER,

      Plaintiff and Appellant,

  v.

TEACHERS' RETIREMENT BOARD OF
THE STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 01-402
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Merle J. Farrier (pro se), Plains, Montana

      For Appellee:

          Denise R. Pizzini, Special Assistant Attorney General, Montana
Department of Administration, Helena, Montana

Submitted on Briefs:  June 18, 2008

Decided:  September 3, 2008

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Merle J. Farrier (Farrier) appeals from a judgment against him and in favor of the Teacher's Retirement Board (TRB), in the amount of $84,828.73, plus interest from July 1, 2006.  We affirm.

¶3     Farrier was employed as a teacher by the Hot Springs School District for 30 years, beginning in 1969.  While he was a teacher in Hot Springs he contributed to the Teacher's Retirement System (TRS).  In 1992, while still employed with the Hot Springs School District, Farrier began teaching part-time at the University of Montana (UM).  UM offered him the option to participate in TRS or the optional retirement plan (ORP), for higher education instructors.  Farrier chose ORP.   Following his retirement from the Hot Springs School District in 1999, Farrier began receiving his TRS retirement payments and increased his employment at UM to full-time.

¶4     In November of 1999, TRS notified Farrier he was ineligible to receive TRS payments while teaching within the university system.  TRS further advised Farrier that payment of his TRS benefit was legally suspended until he terminated his employment with UM, if his earnings from UM exceeded one-third of his average final compensation.  He was

also advised that he would be required to repay the amount he had already received from TRS, with interest at 8 percent. Farrier contested the TRS decision.

¶5 Farrier made a hardship request to the TRB. He asked that his TRS payments continue and that repayment of the amount that he had already received be waived. TRB reluctantly continued Farrier's $2,415.76 monthly benefit payment, pending the hearings examiner's decision. However, Farrier was told that in the event he was unsuccessful in his claim, he would be required to repay all amounts he received from TRS, together with interest at 8 percent.

¶6 Farrier's contest of the decision that he could not receive TRS payments while employed at UM, and that he must repay the amount he had received together with interest, proceeded through the administrative process. Ultimately, a hearings examiner issued findings of fact, conclusions of law and a proposed decision against Farrier. The TRB adopted the hearings examiner's recommendations, with few modifications, and entered its order denying Farrier retirement benefits under TRS while employed full time with the university system.

¶7 Farrier appealed the TRB decision to the First Judicial District Court, Lewis and Clark County, which found in his favor. TRB then appealed to this Court. In *Farrier v. Teacher's Retirement Board of the State of Montana,* 2003 MT 278, 317 Mont. 509, 78 P.3d 1207 (*Farrier I*), the Court concluded that Farrier was precluded by statute from receiving TRS benefits until his status with TRS becomes that of a terminated member, as opposed to an inactive member. However, we remanded the matter to the District Court to decide equal

3

protection issues that had been raised. The District Court determined that under the circumstances, Farrier had been denied his right to equal protection and again ruled in his favor. TRS again appealed to this Court. In *Farrier v. Teacher's Retirement Board of the State of Montana,* 2005 MT 229, 328 Mont. 375, 120 P.3d 390 (*Farrier II*), this Court determined the statutes in question did not infringe upon Farrier's equal protection rights. We reversed the District Court judgment, and remanded for further proceedings, consistent with our Opinion. The factual and legal issues are more fully set forth in *Farrier I* and *II,* and will not be repeated here.

¶8      After *Farrier II* was remanded to the District Court, TRS moved for judgment on the pleadings. The District Court denied the motion and remanded the matter to TRB to verify the amount Farrier owed, how it must be repaid, and whether Farrier had any legal or equitable defenses that would prevent TRB from recovering the money. The Board referred the matter to a hearing examiner who conducted a hearing and determined that Farrier owed $53,146.72 in benefits and $31,682.01 in accrued interest. TRB adopted these findings and ordered payment and also that interest continued to accrue at 7.75 percent from July 1, 2006.

¶9      TRS then renewed its motion for judgment on the pleadings. While acknowledging Farrier made arguments to the hearing examiner that he should not have to repay the benefits, the District Court held that *Farrier I* and *Farrier II* were binding decisions and that TRB was correct that it had a right to recover the amount it had paid Farrier, plus interest. Further, the District Court determined the amount of interest was reasonable under § 19-20-705(1), MCA. The District Court entered judgment in favor of TRB and against Farrier in

4

the amount of $84,828.73, plus interest at 7.75 percent from July 1, 2006 until paid.[1]  It is from this judgment that Farrier has appealed.

¶10    The sole issue before this Court is whether the District Court erred in entering judgment in favor of TRB.  A district court's ruling on a motion for judgment on the pleadings is a conclusion of law that we review de novo to determine if the decision is correct. *Firelight Meadows, LLC v. 3 Rivers Telephone Co-op, Inc.*, 2008 MT 202, ¶ 12, 344 Mont. 117, ¶ 12, 186 P.3d 869, ¶ 12 (citations omitted).

¶11    Farrier's claim on appeal is that TRS will be unjustly enriched at his expense if he is now required to repay the benefits he previously received from TRS, plus interest. *Farrier I* and *Farrier II* constitute the law of this case.  Any legal or equitable defenses Farrier might have had which would bar TRS from recovering the subject retirement benefits and interest were raised, or could have been raised, in *Farrier I* and *Farrier II*.  The doctrines of law of the case and res judicata preclude Farrier from now making new claims, advancing new theories or belatedly raising new issues. *McCormick v. Brevig,* 2007 MT 195, ¶ 38, 338 Mont. 370, ¶ 38, 169 P.3d 352, ¶ 38; *Aviall, Inc., v. Ryder Sys., Inc.,* 110 F.3d 892, 897, (2d Cir. 1997) (quoting *North River Ins. Co. v. Philadelphia Reinsurance Corp.,* 63 F.3d 160, 164, (2d Cir. 1995)).

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and record before us that this appeal is

---

[1]  The District Court's interest figure is overstated by $1.00, however, the total judgment is correct.

without merit. The issues are controlled by settled Montana Law that the District Court correctly interpreted.

¶13    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

---

The Court deems this error *de minimus.*