

DA 11-0353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 320N

JOHN A. HUBBARD,

      Plaintiff and Appellant,

  v.

MICHAEL R. TRAMELLI,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 11-0189
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John A. Hubbard, self-represented, Great Falls, Montana

      For Appellee:

          Michael R. Tramelli, self-represented, Great Falls, Montana

                Submitted on Briefs:  November 23, 2011

                        Decided:  December 20, 2011

Filed:

_____
                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 John A. Hubbard (Hubbard) appeals an order of the Eighth Judicial District Court, Cascade County, granting Michael R. Tramelli's (Tramelli) motion for judgment on the pleadings. We affirm.

¶3 In January 1987, Hubbard was grievously injured while working for Carl Weissman & Sons, Inc. ("CWS"). Hubbard's arm was entangled in the gears of a crane and ripped off near the shoulder. Hubbard retained Tramelli and sued CWS. In November 2000, CWS and Hubbard entered a stipulation, in which CWS confessed liability and assigned "all rights, claims, demands or causes of action it may have against The Home Insurance Company for liability it has to John A. Hubbard" including claims arising from CWS's confession of liability. In exchange, Hubbard agreed not to collect or enforce any judgment he received against CWS or its affiliated entities. On December 20, 2000, a judgment was entered against CWS, and in favor of Hubbard, in the amount of $2,389,000, plus 10 percent interest.

¶4 After the judgment was entered, Tramelli, on behalf of Hubbard, filed suit against The Home Insurance Company ("HIC"), CWS's insurance company, in federal court. However, the case was dismissed in July of 2003 because HIC filed for bankruptcy in March 2001 and was declared insolvent. When the federal case was dismissed in 2003, Hubbard learned that

2

CWS's insurance policy with HIC stated, "[t]his insurance does not apply … to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured [CWS] for which the insured may be held liable as an employer or in any other capacity."

¶5     These facts form the basis of Hubbard's current Complaint against Tramelli, which was filed on February 25, 2011.  Hubbard alleges Tramelli committed fraud and legal malpractice by having Hubbard enter into the stipulation when there was no coverage under CWS's insurance policy with HIC.  Tramelli did not file an answer.  Instead, Tramelli moved for judgment on the pleadings pursuant to M. R. Civ. P. 12(c), arguing that the statute of limitations barred Hubbard's claims.

¶6     The District Court granted Tramelli's motion, which it called a "motion to dismiss," finding that damages occurred when Hubbard signed the stipulation in 2000, and that Hubbard became aware the stipulation was inaccurate in December of 2003.  Therefore, Hubbard "acquired the knowledge of the underlying facts for his fraud or legal malpractice claim by the end of December, 2003."  The District Court found that pursuant to §§ 27-2-203 and -206, MCA, Hubbard "was required to file this action on or before December, 2005, and December 2006."  Hubbard had, "under the best scenario … missed the statute of limitations by at least four (4) years."  Hubbard's Complaint was dismissed.  Hubbard timely appealed.


¶7     We review a district court's ruling on an M. R. Civ. P. 12(c) motion for judgment on the pleadings de novo. *Firelight Meadows, LLC v. 3 Rivers Telephone Cooperative, Inc.*,

3

2008 MT 202, ¶ 12, 344 Mont. 117, 186 P.3d 869. We determine whether the district court's decision was correct. *Firelight Meadows*, ¶ 12.

¶8    "The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Section 27-2-203, MCA.

¶9    Section 27-2-206, MCA, provides:

> An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

¶10    Having reviewed the briefs and the record on appeal, we conclude that Hubbard has not met his burden to demonstrate error by the District Court. Hubbard's Complaint shows that he learned the facts that form the basis of his fraud and malpractice claims in 2003. His Complaint was filed in 2011. Unfortunately, Hubbard's Complaint was not timely under any calculation.

¶11    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

4

/S/ JIM RICE
/S/ BETH BAKER