FILED

02/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0431

DA 16-0431

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 23N

DONNIE NOLAN,

      Plaintiff and Appellant,

  v.

YELLOWSTONE COUNTY,

      Defendant and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-1185
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Donnie Nolan (Self-Represented), Deer Lodge, Montana

      For Appellee:

          Mark A. English, Deputy Yellowstone County Attorney,
Billings, Montana

Submitted on Briefs:  January 4, 2017

Decided:  February 7, 2017

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Donnie Nolan (Nolan) appeals from two District Court orders—an order granting a motion for judgment on the pleadings dated September 25, 2015, and an order granting summary judgment to Yellowstone County (County) dated March 8, 2016.  We affirm.

¶3     Nolan was arrested in December 2012 and held at the Yellowstone County Detention Facility.  He was charged with criminal possession of dangerous drugs and bail was set at $100,000.00.  In April 2013, his bail was reduced and he was released.  However, Nolan was arrested on numerous occasions prior to his January 2014 trial.  A jury acquitted him of the criminal possession of dangerous drugs charges.  Nolan filed a civil complaint against the County asserting excessive bail, inadequate medical care, false imprisonment, and malicious prosecution; he requested punitive damages.  The County filed a motion for partial judgment on the pleadings on the excessive bail and punitive damages claims.  The County also filed a motion for summary judgment on the inadequate medical care, false imprisonment, and malicious prosecution claims.  The District Court granted both motions.  Nolan appeals.

¶4     We review for correctness a district court's grant of judgment on the pleadings. *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 21, 368 Mont. 330, 296 P.3d 450; *Firelight Meadows, LLC v. 3 Rivers Tel. Coop.*, 2008 MT 202, ¶ 12, 344 Mont. 117, 186 P.3d 869.  We review de novo a district court's grant of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court.  *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.  We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous.  *Pilgeram*, ¶ 9.

¶5     The Court will grant a motion for judgment on the pleadings when after considering the allegations in a light most favorable to the nonmoving party and it is clear that the moving party is entitled to judgment as a matter of law.  M. R. Civ. P. 12(c); *Firelight Meadows, LLC*, ¶ 11.  In Montana, determination of the amount of bail is a court function; the county does not set bail.  Section 46-9-106(1), MCA.  Therefore, the County is entitled to judgment as a matter of law on the excessive bail claim.

¶6     Furthermore, punitive damages are not available against a county.  Section 2-9-105, MCA.  The County is an entity protected against exemplary and punitive damages by statute, and as such is entitled to judgment as a matter of law in this case.

¶7     Summary judgment shall be "rendered forthwith" if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  M. R. Civ. P. 56(c)(3); *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.

¶8 Nolan argues he received inadequate medical care, was falsely imprisoned, and maliciously prosecuted. A person detained by the State has the right to adequate medical care. *Wilson v. State*, 2010 MT 278, ¶ 28, 358 Mont. 438, 249 P.3d 28. The State violates this right when it is deliberately indifferent to the medical needs of a detainee. *Walker v. State*, 2003 MT 134, ¶¶ 55-56, 316 Mont. 103, 68 P.3d 872. Here, Nolan's physician while he was incarcerated in the Yellowstone County jail had been the same physician he had since 2011, when he was not incarcerated. In an affidavit, the physician reported Nolan continued to receive medical care while in jail. Nolan did not present any evidence of deliberate indifference to his medical needs by the Yellowstone County jail. As such, there is no issue of material fact. It is uncontested that Nolan received the requisite medical care while confined in the Yellowstone County jail and the County's motion for summary judgment was properly granted.

¶9 To succeed with a false imprisonment claim the plaintiff must prove by a preponderance of the evidence that the State restrained him against his will, and that the restraint was unlawful. *Kichnet v. Butte-Silver Bow County*, 2012 MT 68, ¶ 23, 364 Mont. 347, 274 P.3d 740. Nolan claims he was falsely imprisoned because he was found not guilty. Nolan was arrested for criminal possession of dangerous drugs and the county attorney charged him with that crime. The District Court found probable cause that Nolan committed that offense based on the Affidavit in Support and Application for Leave to File Information. Nolan was properly confined after the District Court granted leave to file an information. The County was required to detain him pursuant to the terms of the District Court order. *Kichnet*, ¶ 23. The existence of probable cause is a complete

4

defense to a claim of false imprisonment. *Kichnet*, ¶ 23. Nolan has failed to make a prima facie case of false imprisonment. No issue of material fact exists and the County's motion for summary judgment was properly granted.

¶10 In a civil action for malicious prosecution, the plaintiff must prove by a preponderance of the evidence that: (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was motivated by malice; (5) the judicial proceeding terminated favorably for plaintiff; and (6) the plaintiff suffered damage. *Plouffe v. Mont. Dep't of Pub. Health & Human Services*, 2002 MT 64, ¶ 16, 309 Mont. 184, 45 P.3d 10; *Spoja v. White*, 2014 MT 9, ¶ 12, 373 Mont. 269, 317 P.3d 153. Nolan did not respond to the County's motion for summary judgment and as such, he has not presented evidence that actual malice existed during his prosecution. Moreover, as noted, the District Court made a determination that there was probable cause in this case. Nolan has failed to make a prima facie case for malicious prosecution. The County's motion for summary judgment was properly granted.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12    Affirmed.


                                        /S/ MIKE McGRATH



We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE