DA 23-0539

FILED

05/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0539

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 96N

BRIAN TACKETT,

  Plaintiff and Appellant,

 v.

KATRINA FELLER, COCKRELL,
GOICOCHEA AND JOHNSON,

  Defendants and Appellees.

APPEAL FROM: District Court of the Nineteenth Judicial District,
       In and For the County of Lincoln, Cause No. DV-23-80
       Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Brian Tackett, Self-Represented, Troy, Montana

   For Appellees:

   Matthew B. Hayhurst, Tyler M. Stockton, Boone Karlberg P.C.,
   Missoula, Montana

             Submitted on Briefs: April 17, 2024

                Decided: May 7, 2024

Filed:

                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Plaintiff Brian Tackett appeals from the Nineteenth Judicial District Court Order Granting Motion to Dismiss filed by Defendants Katrina Feller and Moore, Cockrell, Goicochea & Johnson, P.C., (collectively "MCGJ").[1]  Tackett contends the District Court erred by granting the motion without converting it to a motion for summary judgment pursuant to Mont. R. Civ. P. 12(d), by dismissing his Complaint, and by warning and advising Tackett that "his continued conduct of filing *pro se* actions, motions, or requests with the Court when he has no legal or factual basis will be grounds for finding him a vexatious litigant."  We affirm.

¶3　This case originated from the deposition of Tackett's nine-year-old daughter in a wrongful death medical malpractice action Tackett filed on his own behalf and on behalf of his minor children against his wife's treating providers.  MCGJ are the attorneys for some of the defendants in the wrongful death action.

¶4　In addition to being a party to the wrongful death case, Tackett's daughter was also a potential witness.  In the course of deposing Tackett in the wrongful death case, defense

---

[1] Feller is an attorney with Moore, Cockrell, Goicochea & Johnson, P.C.

2

counsel Sean Goicoechea asked Tackett the following questions regarding the possibility of Tackett's daughter testifying at trial:

> Question: . . .Brian, do you plan to have [your daughter] . . . testify in this case?
>
> Answer: I wouldn't want to. I mean, if you make me, I will.
>
> Question: And I won't make you. I mean, I wouldn't do that. And, obviously, I'm not the final decision-maker, but here's the question I have; I don't want to take their depositions, because I don't want to put them through that, but I also don't want to have this case go to trial and then you show up and have [your daughter] . . . hit the stand and say something that we don't know about. So you don't have to answer that today, but at some point I'd like to—I'd just like to have a discussion about that.
>
> Answer: I don't mind if you have a deposition of them, but you're gonna to have to keep it a lot shorter than this. I mean, it's got to be—you're gonna have to be—spearpoint your questions and get them in and out of it. I have no problem with that. I can't say that they won't testify—
>
> Question: Okay. Well, we'll talk about that tomorrow.
>
> Answer: —because I'd sure like a jury to hear from their mouths what they think.

¶5 After Tackett's deposition, Elizabeth Hausbeck, counsel for one of the co-defendants, requested Tackett provide available dates for the deposition of several witnesses, including Tackett's children. Hausbeck specified that her request to depose Tackett's children was contingent on "if you intend or potentially intend to have them testify at trial." Tackett responded that his children were "available May 12 in Libby."

¶6 Hausbeck conducted the initial examination of Tackett's daughter at her deposition. Hausbeck's examination took approximately an hour. After Hausbeck completed her examination, Feller took over. Feller began by asking Tackett's daughter if she knew what

3

the case was about and then moved on to asking her about the morning her mother had passed away. Just a few minutes into Feller's examination, Tackett began objecting, instructed his daughter not to answer, and told Feller: "[Y]ou're traumatizing my child. I'm not gonna put up with it." Feller asked one additional question and Tackett ended the deposition. Feller's examination of Tackett's daughter lasted slightly more than three minutes before Tackett ended it.

¶7 Five days after the deposition, Tackett sued MCGJ. Tackett is the sole plaintiff in this action. The entire basis for Tackett's claim is predicated on Feller's approximately three-minute examination of Tackett's daughter. Tackett alleged that Feller's examination "foreseeably caused [Tackett] to suffer emotional and physical pain from witnessing his daughter undergo this distressful questioning." Tackett alleged that MCGJ intentionally or negligently inflicted emotional distress upon him. Tackett sought "costs, compensatory and punitive damages in an amount to be determined by a jury, and any other relief [the District] Court deems necessary to correct the wrongs done."

¶8 MCGJ moved to dismiss Tackett's suit and sought attorney fees and costs on the grounds that Tackett's suit was frivolous. The District Court granted MCGJ's motion to dismiss, but declined to award fees and costs, concluding that Tackett's "claims do not amount to being 'frivolous.'" But while it declined to award fees, the District Court warned and advised Tackett that "his continued conduct of filing pro se actions, motions, or requests with the Court when he has no legal or factual basis will be grounds for finding him a vexatious litigant."

4

¶9 On appeal, Tackett argues that the District Court erred by granting MCGJ's motion to dismiss without converting it to a motion for summary judgment. Specifically, Tackett argues that the District Court erred by considering the deposition transcript and video that MCGJ submitted in support of their motion to dismiss without converting the motion to a motion for summary judgment and providing notice to Tackett of its intent to do so pursuant to M. R. Civ. P. 12(d). Tackett also argues that the District Court erred by concluding that because his claim was premised on actions taken at a deposition they were privileged. Finally, Tackett argues that the District Court's warning that his continued conduct of filing actions, motions, or requests with the Court that have no legal or factual basis will be grounds for finding him a vexatious litigant "chill[ed] [Tackett's] right to access the courts."

¶10 An order of dismissal pursuant to M. R. Civ. P. 12(b)(6) presents a question of law that we review de novo for correctness. *Sinclair v. BNSF Ry. Co.*, 2008 MT 424, ¶ 25, 347 Mont. 395, 200 P.3d 46. We review a district court's decision whether or not to convert a motion to dismiss into a motion for summary judgment pursuant to M. R. Civ. P. 12(d) for an abuse of discretion. *Anderson v. Recon Trust Co., N.A.*, 2017 MT 313, ¶ 7, 390 Mont. 12, 407 P.3d 692.

¶11 Regarding Tackett's argument that the District Court erred by ruling on MCGJ's motion to dismiss without converting it to a motion for summary judgment, MCGJ notes that Tackett raises this issue for the first time on appeal. MCGJ notes that it submitted the deposition transcript and video in support of their motion to dismiss and Tackett did not

5

object. MCGJ argues that Tackett waived this issue for consideration on appeal, citing *In re K.J.*, 2010 MT 41, ¶ 19, 355 Mont. 257, 231 P.3d 75 ("A party waives issues for appeal that the party failed to raise before the trial court."). MCGJ argues that even if we were to consider the merits of Tackett's argument, there are none since "[a]ll exhibits and materials referred to in a pleading are incorporated into the pleading." *Firelight Meadows, LLC v. 3 Rivers Tel. Coop., Inc.*, 2008 MT 202, ¶ 15, 344 Mont. 117, 186 P.3d 869.

¶12 "M. R. Civ. P. 12(d) applies only when matters outside the pleadings are presented to and not excluded by the court." *Anderson*, ¶ 26 (emphasis and internal quotations omitted). If matters outside the pleadings are submitted, the district court nevertheless retains the discretion whether or not to convert a motion to dismiss into a motion for summary judgment. *Anderson*, ¶ 26. "[W]hen a district court converts a motion to dismiss to a motion for summary judgment, as contemplated by Rule 12(b), M. R. Civ. P., the court must provide notice to the parties of its intention to do so. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 17, 337 Mont. 1, 155 P.3d 1247 (citation omitted).

¶13 Tackett argues that the District Court erred by ruling on MCGJ's motion to dismiss without converting it to a motion for summary judgment and providing him notice. But the only materials that were submitted in support of MCGJ's motion to dismiss were the transcript and video of the deposition that formed the entire basis of Tackett's emotional distress claim and to which he expressly referenced in his Complaint. "The purpose of notice is to allow the parties a reasonable opportunity to present all material made pertinent to the motion and avoid surprise." *Jones*, ¶ 17 (internal quotation and citation omitted).

6

Since Tackett's emotional distress claim was *entirely* predicated on MCGJ's conduct at the deposition, the deposition transcript and video effectively constituted an encapsulation of all material pertinent to the motion to dismiss the claim. Tackett can hardly claim surprise at the inclusion of a transcript and video of a deposition at which he was present and upon which he relied as the basis for his claim. But even assuming, for the sake of argument, that conversion of the motion to dismiss to a motion for summary judgment was required, Tackett had the opportunity to move the District Court to convert the motion and to submit any materials in opposition to the motion—he did not.

¶14   In *Anderson*, we held that the district court did not abuse its discretion by failing to convert a motion to dismiss into a motion for summary judgment *sua sponte* when the plaintiff did not move for conversion. *Anderson*, ¶ 26. The District Court did not abuse its discretion in this case by ruling on MCGJ's motion to dismiss without converting it to a motion for summary judgment.

¶15   The District Court dismissed Tackett's claim because as counsel for an opposing party, MCGJ did not owe Tackett a legal duty in conducting the deposition. An attorney does not owe a legal duty to third persons to exercise care while representing their client. *Rhode v. Adams*, 1998 MT 73, ¶¶ 12, 21, 288 Mont. 278, 957 P.2d 1124. The District Court noted that as an attorney for some of the defendants in the wrongful death action, MCGJ had a legal duty to represent and defend the interests of their clients. The District Court correctly noted that depositions of witnesses who may be called at trial, including children, are permitted under Montana law and that Tackett stated that his daughter might

7

be testifying at trial in the Wrongful Death Action. The District Court held: "Accordingly, [MCGJ's] deposition questioning was legally warranted. [MCGJ] did not owe Mr. Tackett a legal duty to protect his sensibilities while defending a claim Mr. Tackett brought, while deposing a party and a witness."

¶16 Having reviewed the deposition, the District Court observed that "Attorney Feller's demeanor and questions asked during the deposition were allowed, appropriate, and warranted considering the circumstances. There is no valid claim arising from the conduct." The District Court held: "Attorney Feller and MCGJ represent parties adverse to Mr. Tackett in the Wrongful Death Action. They are not legally mandated to protect Mr. Tackett's emotional well-being while defending the claims he alleged." We agree.

¶17 Tackett filed a medical malpractice lawsuit regarding his wife's death. Tackett's daughter was both a named plaintiff in the lawsuit and a witness to her mother's death. MCGJ advised Tackett that they did not intend to depose his daughter unless he intended to call her as a witness, which he indicated he might. Under the circumstances, it cannot be disputed that it was entirely appropriate for MCGJ to depose Tackett's daughter. In that regard, "an attorney must be able to vigorously advocate his or her client's interests in litigation without being compromised by obligations to non-clients." *Rhode*, ¶ 21. Tackett concedes that MCGJ "had the right to appropriately question [his daughter]." Tackett contends, though, that MCGJ "had no legal right . . . to improperly and oppressively question her." The problem with Tackett's assertion is that just because he characterizes MCGJ's examination of his daughter as improper and oppressive, it does not make it so.

8

¶18 A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Finstad v. W.R. Grace & Co.-Conn.*, 2000 MT 228, ¶ 24, 301 Mont. 240, 8 P.3d 778. This is a unique case in that the entire basis for Tackett's complaint is on video and there is a written transcript which the District Court properly considered. While there is no dispute as to the factual allegation that Tackett's daughter was examined at deposition, even construing his complaint in a light most favorable to him, there is no support for a claim that the few questions Feller was able to ask in the few minutes she was allowed to ask them were anything but properly within the realm of her duty to advocate for her client. The District Court did not err by granting MCGJ's motion to dismiss.

¶19 Finally, Tackett argues that the District Court "chill[ed] [his] right to access the courts" by warning him that his continued conduct of filing actions, motions, or requests with the Court that have no legal or factual basis will be grounds for finding him a vexatious litigant. This contention is without merit. Tackett cites *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) for the proposition that "[r]estricting access to the courts is . . . a serious matter. The . . . right of access to the courts is a fundamental right protected by the Constitution." But the District Court did not restrict Tackett's access to the courts—it merely warned him that continued conduct of filing actions, motions, or requests with the Court that have no legal or factual basis will be

9

grounds for finding him a vexatious litigant. If and when that occurs, Tackett can bring that issue up on appeal. Until then, as MCGJ correctly notes, there is no issue for this Court to address. "The central concern of ripeness is whether an injury that has not yet happened is sufficiently likely to happen or, instead, is too contingent or remote to support present adjudication." *Advocates for Sch. Tr. Lands v. State*, 2022 MT 46, ¶ 19, 408 Mont. 39, 505 P.3d 825 (internal quotation omitted).

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Order dismissing Tackett's Complaint is affirmed.

¶21 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE